[No. 7462.  Decided January 5, 1909.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES POWELL, *Appellant.*[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ABUSE OF DISCRETION—
CRIMINAL LAW. It is an abuse of discretion and error to deny a
new trial, asked on the ground of newly discovered evidence, after
conviction of statutory rape upon a female under the age of consent,
where the conviction rested almost entirely upon the evidence of the
prosecutrix, and she subsequently made affidavit, and testified in
court on the hearing of the motion for new trial, that her testimony
was false and that defendant had never had sexual intercourse with
her, explaining that she was coerced to give false testimony (FULLER- ·
TON, J., dissenting).

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered January 14, 1908, upon a
trial and conviction of rape. Reversed.

*E. T. Bascom* and *E. C. Dailey,* for appellant.

*G. D. Eveland* and *Robert Mulvihill,* for respondent.

MOUNT, J.—The appellant was convicted of the crime of
rape, alleged to have been committed upon a girl under the
age of eighteen years. He appeals from a judgment of con-
viction based upon the verdict of a jury.

He assigns several errors, but we think there is no merit
in any of the assignments except the one based upon the
motion for new trial upon the ground of newly discovered evi-
dence. The prosecuting witness was a girl just past fifteen
years of age at the time of the alleged rape. She testified at
the trial that she had voluntarily submitted to sexual inter-
course with the appellant on April 21, 1907, and at different
times thereafter; that on the night of April 21, she occupied
a room with the appellant in a lodging house in the town of
Monroe, in Snohomish county; that the appellant, after spend-

[1]Reported in 98 Pac. 741.

ing the night with her, left the room about ten o'clock the next day. She was corroborated in this latter statement by the proprietor of the lodging house, who testified that he saw the appellant come out of her room at about the time stated, and that he charged the appellant with having no business there, and appellant replied that he was there for the purpose of calling the girl to go to work for him, and when asked her name appellant replied that he had forgotten. There were other slight corroborating circumstances, but no direct evidence of the crime except the statements of the prosecuting witness. She admitted that she had made statements out of court to the effect that she had never had sexual intercourse with the appellant, and that stories to the effect that she had were false.

The jury, upon substantially this evidence, returned a verdict of guilty as charged. On the next day a motion for new trial was filed, upon the ground of newly discovered evidence, among others. Thereafter the prosecuting witness voluntarily wrote a letter to the appellant's counsel, stating in substance that the story she told at the trial was false. She afterwards made an affidavit in which she stated "under oath, that her testimony in said cause above mentioned wherein she testified that the defendant had had sexual intercourse with her was and is entirely false and without any foundation whatever, and that she never had sexual intercourse with said defendant at any time." About a week later she made another affidavit to the prosecuting attorney, stating that her statements in the first affidavit were false. Thereafter the motion for new trial came on for hearing, and the prosecuting witness was called to the stand and testified orally in explanation of these inconsistent affidavits. She then insisted that her first affidavit was correct, and that she had never had sexual intercourse with the appellant. She also explained her inconsistent positions by saying that she had testified as she did at the trial because she was threatened with sentence to the reform school unless she did so; that she made the first affidavit voluntarily, and

that she made the second affidavit controverting the first at the request of her mother and others. The court, after considering these affidavits and this evidence of the prosecuting witness, denied the motion for a new trial.

This ruling of the trial court is assigned as error, and we think the assignment must be sustained. Outside of the evidence of this girl, there is no evidence of the offense to submit to the jury. There is slight corroboration to the effect that the defendant was seen to come out of the room about ten o'clock one morning; but this fact, without the statement of the girl as to what he was there for, would not justify a conviction and penal sentence. It is the rule that questions of this character raised upon motions for new trial are largely discretionary with the trial court, and if these facts had been placed before the jury at the trial and the verdict of guilty had been returned, we would now say, as we did in *State v. Katon*, 47 Wash. 1, 91 Pac. 250:

"The witness, therefore, being a lawful one, it is not the province of this court to weigh her testimony. The jury do that in the first instance, and the trial court afterwards when the evidence is challenged, but when both the jury and the trial court say that the evidence is sufficient the question is ordinarily concluded."

The jury at the trial did not have the fact before it that the witness had made sworn statements contrary to her testimony. The witness made such sworn statements afterwards. It is true she testified that she had stated when not under oath that she had never had sexual intercourse with the appellant, but it is not uncommon for persons to deny such things when not under oath and afterwards, when they are on oath, admit the fact. Such witnesses may be worthy of belief, but it is rare that any person will testify to a truth and subsequently testify that such testimony was false. The evidence of such witnesses, uncorroborated in essential facts, ought to be received with caution, to say the least, and a man ought not to be sent to the penitentiary until a jury has had an oppor-

tunity to pass upon it, which has not been done here. No injustice can be done upon a new trial. New trials have frequently been granted upon the showing made in this case. *Bussey v. State*, 69 Ark. 545, 64 S. W. 268 : *Mann v. State*, 44 Tex. 644 ; *Bates v. State* (Miss.), 32 South. 915 ; *Dennis v. State*, 103 Ind. 142, 2 N. E. 349 ; *State v. Moberly*, 121 Mo. 604, 26 S. W. 364.

Considering all the facts, we are of the opinion that the trial court abused its discretion in refusing to grant a new trial. The judgment is therefore reversed, and the cause remanded with direction to the lower court to grant a new trial.

HADLEY, C. J., DUNBAR, and CROW, JJ., concur.

FULLERTON, J. (dissenting)—The trial judge who saw the prosecuting witness was in a much better position than is this court to get at which of the times the prosecuting witness testified to the truth ; and as he did not believe her subsequent confession, this court ought not to interfere with the verdict. I therefore dissent.