[No. 36188. Department Two. June 14, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH MOORE, *Appellant.**

*J. A. Kavaney,* for appellant.

*Charles O. Carroll, Carolyn R. Dimmick,* and *Victor V. Hoff,* for respondent.

*Reported in 372 P. (2d) 536.

HUNTER, J.—This appeal results from a judgment of conviction on two counts, the crimes of burglary in the second degree and grand larceny.

The defendant, Kenneth Moore, was charged, by information filed on October 19, 1960, with the crime of burglary in the second degree. At that time, and until July 3, 1961, the defendant was serving consecutive sentences in the King County jail for the crimes of petit larceny and possession of burglary tools.

Cause No. 35013, the original charge of burglary in the second degree, was set for trial on March 20, 1961, at which time the defendant entered a plea of guilty. On the date of sentencing, however, with permission of the court, he changed his plea to not guilty and the cause was set for trial on July 17, 1961.

On July 3, 1961, the defendant moved to dismiss cause No. 35013 for lack of prosecution under RCW 10.46.010. The motion was granted with leave to the state to file a new information. On the same day the state filed a new information charging the defendant with the same crime of burglary in the second degree and a second count of grand larceny. This cause, No. 35974, was tried on July 17, 1961, to a jury. Judgment of conviction was entered upon a verdict of guilty on both counts.

The defendant (appellant) first contends that the trial court erred in failing to grant his motion to dismiss the burglary charge with prejudice to the state. The defendant argues that the state, after cause No. 35013 was dismissed for lack of prosecution, could not thereafter file another information charging him with the same offense. The law of this state is otherwise. RCW 10.43.010 provides:

"An order dismissing a prosecution under the provisions of RCW 10.37.020, *10.46.010,* and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; *but in no other case shall such order of dismissal bar another prosecution.*" (Italics ours.)

The above statute specifically does not prohibit the state from filing another information charging the defendant with

the same felony which was the subject of an information previously dismissed under RCW 10.46.010. *State v. Deloria,* 129 Wash. 497, 225 Pac. 405 (1924); *State v. Silver,* 152 Wash. 686, 279 Pac. 82 (1929).

 The defendant next contends that the information filed July 3, 1961, could not properly charge him with the crime of grand larceny. This contention is based upon RCW 10.37.020, which provides:

"Indictment or information—Time for filing. Whenever a person has been held to answer to any criminal charge, if an indictment be not found or information filed against him within thirty days, the court shall order the prosecution to be dismissed; unless good cause to the contrary be shown."

It is argued that since the offense of grand larceny was not charged by information until 258 days after the defendant's arrest, the prosecution of count II should have been dismissed.

The defendant misconstrues the statute. An information was filed against the defendant within 30 days after the original arrest. Upon the dismissal of that information on July 3, 1961, the state, as permitted by RCW 10.43.010, *supra,* immediately filed a new information. There is no prohibition in the statute (RCW 10.43.010) against the state charging additional offenses in the new information. This is consistent with Rule of Pleading, Practice and Procedure 101.04W, RCW Vol. 0, which provides in part as follows:

"(2) At any time before or during trial the court may permit the amendment of an information and permit proof to be offered in support thereof, and if the defendant shows to the satisfaction of the court that he would thereby be misled, the court shall make such order as shall secure to the defendant full opportunity to defend. . . ."

If the state may amend an information by adding another count prior to trial, it would be inconsistent to say that it may not specify that count in the new information.

The last assignment of error concerns the admissibility of two confessions given by the defendant. As provided by Rule of Pleading, Practice and Procedure 101.20W, RCW Vol. 0, a hearing was held in the absence of the jury to deter-

mine the circumstances surrounding the taking of the confessions. Conflicting testimony was offered as to whether the confessions were voluntarily given. The court found them to be voluntary and they were admitted into evidence at the trial.

It is contended that since the defendant did not testify at the trial, the admission of the two confessions violated his privilege against self-incrimination under Art. 1, § 9 of the Washington State Constitution which provides as follows:

"No person shall be compelled in any criminal case to give evidence against himself, . . . ."

This provision affords a defendant a constitutional privilege of refraining from testifying at a judicial proceeding in which he is accused of a crime. This privilege is not related to the question of admissibility of nontestimonial statements or confessions. *State v. Winters*, 39 Wn. (2d) 545, 236 P. (2d) 1038 (1951); *State v. Johnson*, 53 Wn. (2d) 666, 335 P. (2d) 809 (1959). The proper grounds for the exclusion of a confession are that it has been obtained in violation of the constitutional requirement of due process or that it has not met the test of our statutory requirement for admissibility of confessions. *Spano v. New York*, 360 U. S. 315, 3 L. Ed. (2d) 1265, 79 S. Ct. 1202 (1959); RCW 10.58.030. The defendant has not objected on either of these grounds, and the record discloses no violation of his constitutional or statutory rights. The assignment of error is without merit.

The judgment of conviction is affirmed.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.