[No. 141-40708-1.  Division One.  December 15, 1969.]
Panel 2

THE STATE OF WASHINGTON, *on the Relation of Lester Neuert, Appellant,* v. THE ALDERWOOD WATER DISTRICT OF SNOHOMISH COUNTY, *Respondent.*

*Chester R. Bennett,* for appellant.

*Roberts, Shefelman, Lawrence, Gay & Moch, George M. Mack,* and *Lee R. Voorhees, Jr.,* for respondent.

UTTER, J.—The question presented by this appeal is whether a Board of Water Commissioners of Alderwood Water District, in conducting a hearing regarding the formation of a proposed Utility Local Improvement District, acted arbitrarily and capriciously. The trial court, on conflicting testimony, determined they did not and entered findings of fact and conclusions of law supporting this determination.

No error has been assigned to the findings of fact. The constitution does not authorize us to substitute our findings for those of the trial court. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). A finding of fact must be accepted as a verity on appeal unless the appellant assigns error to it and sets it out verbatim in his brief. CAROA 43; *Zarelli v. Superior Distrib. Corp.,* 51 Wn.2d 154, 316 P.2d 465 (1957).

The court concluded it had no authority to interfere with the legislative determination of the Board of Water Commissioners to establish the local utility district unless fraud, corruption or arbitrary and capricious conduct amounting to an abuse of discretion was shown. After listening to all the testimony, the judge found no evidence of such conduct and dismissed the action.

The findings of the trial court support the conclusions of law and the law applied by the trial court properly reflects the law of this state. *Smith v. Hollenbeck,* 48 Wn.2d 461, 294 P.2d 921 (1956).

Error was assigned to the court's failure to enter a finding of fact stating, "No minutes were kept of any of the proceedings or of the suggestions, or of the inquiries made at the school auditorium."

Appellants do not contend the district was required by

law to keep minutes. They urge rather that this finding, if made, would have compelled a conclusion of arbitrary and capricious conduct.

Although the testimony does indicate complete minutes of everything said were not kept, the trial court was under no compulsion to make a finding of fact in this regard. *Eickerman v. Eickerman,* 42 Wn.2d 165, 253 P.2d 962 (1953). Had the court chosen to make such a finding, no authority is cited for the proposition that failure to keep verbatim minutes would compel a conclusion of arbitrary and capricious conduct. Where no authority is cited for a proposition, the court will ordinarily not consider such assignments unless it is apparent, without further research, it is well taken. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 126, 372 P.2d 193 (1962). It is for this reason we do not consider this contention.

As it is with any matter that appears in court, there are two sides to the story. There were arguably comments made and actions taken by the water district attorney which, while legally proper, understandably aroused the antagonism of some present at the hearing whose rights were affected. This attorney was not a member of the firm representing respondent on appeal.

While we are bound to conclude the actions of the respondent were legally proper when viewed in light of the trial court's findings, we cannot help but reflect on the fact that legally proper action may, nevertheless, needlessly cause anger, dismay and antagonism on the part of citizens affected.

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.