[No. 273-3.    Division Three.    September 28, 1970.]

GARY PETE DILLMAN, *Petitioner*, v. WILLIAM J. REILLY, *Respondent*.

*Curtis L. Shoemaker* (of *Paine, Lowe, Coffin, Herman & O'Kelly*), for petitioner.

*Donald C. Brockett, Prosecuting Attorney*, and *LeRoy Kinnie, Deputy*, for respondent.

PER CURIAM.—The issue raised by this petition for a writ of habeas corpus is whether the petitioner was denied his right to a speedy trial when the superior court refused to set a trial date during the months of July or August because of the absence of a jury term during that period.

The petitioner's contentions were answered in *State v. Garman*, 76 Wn.2d 637, 458 P.2d 292 (1969). The absence of a jury term during the months of July and August were held to be good cause and excused the state from bringing the accused to trial within 60 days after the filing of the information, as required by RCW 10.46.010. We further note that petitioner was granted the earliest possible trial date.

The factors to be considered in determining whether the constitutional right to a speedy trial has been denied are fourfold:

(1) a delay of such length alone as to amount to a denial of the right to a speedy trial; (2) prejudice to the defense arising from the delay; (3) a purposeful delay designed by the state to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

*State v. Christensen,* 75 Wn.2d 678, 686, 453 P.2d 644 (1969). In the present case we find none of these factors present.

The application of petitioner for a writ of habeas corpus is denied.