[Nos. 233-41165-2, 234-41182-2.    Division Two.    November 23, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD ROLAX *et al., Appellants.*

*Tanner & Burgess* and *Jack E. Tanner,* for appellant Rolax.

*Warren F. Andrews,* for appellant Hall (appointed cousel for appeal).

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel,* and *Eugene G. Olson, Chief Criminal Deputy,* for respondent.

ARMSTRONG, C. J.—Defendants Ronald Rolax and Monjay Hall appeal from a judgment and sentence entered upon a jury verdict finding them guilty of five counts of robbery and one count of second-degree assault.

The primary issue on this appeal is whether the appellants were denied their right to a speedy trial as guaranteed by the sixth amendment to the United States Constitution and article 1, section 22 (amendment 10) of the Washington State Constitution. The Sixth Amendment right to a speedy trial is applicable to the states by virtue of the Fourteenth Amendment due process clause. *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967).

These convictions arose out of a robbery of the Chieftain Restaurant in Tacoma on December 17, 1968 at approximately 12:30 a.m. Four young men entered the restaurant for the purpose of robbery. Money was taken from the cash register. A waitress and several patrons were also relieved

of money and personal belongings after they had been threatened with a gun.

A merchant patrolman saw the four men hurriedly leave the restaurant, enter a nearby automobile and drive off without turning on the headlights. Feeling that something was amiss, the merchant patrolman gave chase. After being fired upon and having one of his headlights shot out, he radioed the Tacoma Police Department for assistance. Two police officers responded to the call and entered the chase.

The getaway car entered a dead-end street and was forced to halt. Three of the suspects escaped into a brushy gulch. They were apprehended by other officers of the Tacoma Police Department who arrived at the vicinity shortly thereafter. One suspect, Billy James Bell, was captured in the get-away car.

An information was filed on December 23, 1968 charging the four defendants with one count of robbery of the Chieftain Restaurant. At the arraignment the four men pleaded not guilty and trial was set for March 5, 1969. Billy James Bell pleaded guilty to the one count of robbery on February 28, 1969.

On the date of the trial the prosecution asked for a continuance, candidly admitting that it was not prepared to go to trial. The motion for continuance was strenuously objected to by defense counsel. The motion for continuance was denied and the information charging one count of robbery was dismissed. The prosecution then filed a new information on March 5, 1969 charging the remaining three defendants with five counts of robbery and one count of assault in the first degree. The three pleaded not guilty to this new charge and trial was set for April 28, 1969.

On April 10, 1969 Robert Morris Clewis, also known as Robert Jackson, entered a plea of guilty to one count of the information, which charged him with robbery of the Chieftain Restaurant. The other four counts of robbery relating to the robbery of the waitress and three patrons and the assault charge against the merchant patrolman were dismissed as to Clewis. Both codefendants who had pleaded

guilty testified for the prosecution and identified appellants Rolax and Hall as the other participants in the robbery.

■ RCW 10.46.010 provides that unless a defendant is brought to trial within 60 days after an information is filed, the information shall be dismissed unless good cause is shown. The appellants argue that this statutory time limit provides a strong indication for determining whether a defendant has received a speedy trial as guaranteed by the state and federal constitutions. In this case a little more than 4 months expired between the filing of the first information and the trial. The Supreme Court of this state has held that where an information is dismissed, the prosecutor is not prohibited from filing a new information charging the same offenses or additional offenses even though more than 60 days have elapsed since the filing of the first information. *State v. Moore*, 60 Wn.2d 144, 372 P.2d 536 (1962). The appellants argue that RCW 10.43.010,[1] as interpreted by the courts of this state, has therefore effectively abrogated a defendant's constitutional right to a speedy trial.

We cannot agree with appellants' contention.

■ Although the right to a speedy trial is one of the most fundamental rights accorded one accused of a crime, it has long been recognized that the right is relative, it is consistent with reasonable delays and the right depends upon the particular circumstances of each case. *See Beavers v. Haubert*, 198 U.S. 77, 49 L. Ed. 950, 25 S. Ct. 573 (1905); *State ex rel. Orcutt v. Simpson*, 125 Wash. 665, 216 P. 874 (1923); *State v. Alter*, 67 Wn.2d 111, 406 P.2d 765 (1965).[2]

---

[1]RCW 10.43.010 provides: "An order dismissing a prosecution under the provisions of RCW 10.37.020, 10.46.010, and 10.46.090 shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; but in no other case shall such order of dismissal bar another prosecution."

[2]Although the contours of the Sixth Amendment right to a speedy trial have not been well defined, the following cases involve the application of the Sixth Amendment speedy trial right: *Beavers v. Haubert*, 198 U.S. 77, 49 L. Ed. 950, 25 S. Ct. 573 (1905); *Pollard v. United States*, 352 U.S. 354, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957);

■ In *State v. Christensen*, 75 Wn.2d 678, 453 P.2d 644 (1969), the court set forth four factors which should be considered in determining whether a defendant has been accorded a "speedy trial" in accordance with the requirements of the state constitution and the sixth amendment to the United States Constitution. These factors are: (1) a delay of such length alone as to amount to a denial of a speedy trial; (2) prejudice to the defendant arising from the delay; (3) a purposeful delay designed to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

The parties are in substantial agreement that the first and fourth factors are not applicable to the case at bar. The 4-month lapse of time between the first arraignment and time of trial would neither constitute a delay of such consequence as to amount to a denial of a speedy trial, nor would that amount of time constitute long and undue imprisonment in jail awaiting trial. *See State v. Christensen, supra,* and the cases cited therein.

Appellants contend, however, that they were prejudiced by the delay because the prosecution used this delay to add additional counts to the offense charged. This argument has already been decided adversely to the appellants' contention in *State v. Moore, supra.* That case decided that the prosecution could add additional counts to a subsequent information after the previous information had been dismissed.

■ The appellants also contend that they were prejudiced by the delay because during the delay another defendant changed his plea to guilty and thereby became available to testify for the prosecution. The testimony of both accomplices established that all four defendants participated in the robbery. In this state a defendant may be convicted by the uncorroborated testimony of one accom-

---

*United States v. Ewell,* 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966); *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967); *Smith v. Hooey,* 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969); *Dickey v. Florida,* 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970).

plice. *State v. Johnson*, 77 Wn.2d 423, 462 P.2d 933 (1969). The introduction of the cumulative evidence of the second accomplice is not such a showing of prejudice as to result in a denial of the appellants' right to a speedy trial.

■ A showing of prejudice must be specific, it must be demonstrated and it cannot be based on speculation. *State v. Christensen, supra.* Prejudice is found where the preparation of the defense has been impaired in some manner. Common examples of prejudice to a defendant are where witnesses have become unavailable or relevant evidence has been destroyed or lost because of the delay. *Dickey v. Florida,* 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970); *State v. Christensen, supra.* Neither of these things happened in this case. There was no specific showing that the appellants' defense was impaired in any respect.

Furthermore, appellants have not shown that the delay was caused by the prosecution for the purpose of oppressing or vexing the defendants. Neither do we find anything in the record which would show such a purpose.

Appellants' final contention challenges the sufficiency of the evidence. In addition to the testimony of the two accomplices, the state presented substantial evidence in the testimony of several police officers to prove that appellants were involved in the robbery. They were captured soon after they escaped from the getaway car under circumstances tending to indicate guilt. Furthermore, the fingerprint of one of the appellants was found on the rearview mirror of the getaway car. We find no merit to this contention.

Judgment affirmed.

PEARSON and PETRIE, JJ., concur.

Petition for rehearing denied January 18, 1971.

Review denied by Supreme Court March 1, 1971.