[No. 1313-1.    Division One—Panel 1.    December 4, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD L. ROLAX, *Appellant*.

*Bruce A. Butcher*, for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney, Stewart P. Riley* and *Frederick L. Yeatts, Deputies,* for respondent.

CALLOW, J.—Ronald L. Rolax appeals from a jury conviction of assault in the second degree and from a special verdict that he was armed with a deadly weapon at the time of the assault. The incident arose from a quarrel among relatives, and no one disputes that the argument became a fight and an injury resulted.

The evening of April 24, 1971, began for the defendant with the wedding reception of a friend. The defendant left the reception and later his brother William, his sister Juanita, his cousin Marcus, and the groom gathered together at the defendant's apartment and began playing cards. Shortly thereafter, Marcus accused Juanita of cheating and a melee broke out with the defendant and his brother on one side and Marcus on the other which culminated in the stabbing of Marcus by the defendant.

The defendant claims error was committed when the trial court did not dismiss the charge against him, claiming that trial was required to be held within 60 days of the filing of the information under RCW 10.46.010. The statute requires dismissal unless good cause for the delay is shown.

An information charging assault in the second degree was filed in superior court on June 17, 1971. The defendant was arraigned on July 7, 1971, and at that time selected October 7, 1971, as the first trial date available. We cannot tell from the record whether this was the first trial date available insofar as the prosecutor was concerned or insofar as the court was concerned, or both. The defendant petitioned on October 7, 1971, for an order of dismissal claiming that his right to a speedy trial guaranteed under the sixth amendment to the United States Constitution and under article 1, section 22 of the Washington State Constitution has been denied. He does not pursue a broad constitutional argument on his appeal but claims that the constitutional concerns mirrored in the statutory provisions of RCW 10.46.010 and 9.98.010 have not been met.

■ It has been held that when a trial docket is filled and no available trial dates exist until 60 days after the filing of an information, this is sufficient cause for delay. *State v. Dunn,* 70 Wn.2d 572, 424 P.2d 897 (1967). In *State v. Garman,* 76 Wn.2d 637, 641, 458 P.2d 292 (1969), the court quoted with approval the criteria reflected in *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969), as follows:

> We find in the record none of the four factors heretofore adopted by this court (*State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968)), and by the Supreme Court of the United States upon which a denial of the constitutional right to a speedy trial can be said to depend: *i.e.,* (1) a delay of such length alone as to amount to a denial of the right to a speedy trial; (2) prejudice to the defense arising from the delay; (3) a purposeful delay designed by the state to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

None of these factors, which would amount to a denial of the defendant's right to a speedy trial, are present in this case. *Dillman v. Reilly,* 3 Wn. App. 335, 474 P.2d 902 (1970). Further, we do not find that a timely application to the court for the setting of trial within 60 days of the filing of the information was ever made. The demand for a speedy trial must be explicitly and distinctly stated to the

court. *State v. Rahn,* 1 Wn. App. 159, 459 P.2d 824 (1969). No objection was made to the date set until the actual date of the trial. The objection was not timely. *State v. Roff,* 70 Wn.2d 606, 424 P.2d 643 (1967); *State v. Dickens,* 66 Wn.2d 58, 401 P.2d 321 (1965); *State v. Keller,* 65 Wn.2d 907, 400 P.2d 370 (1965). He must be held to have waived his right under the statute in these circumstances.

■ The defendant demands that the action be dismissed since he was arrested on the charge on April 30, 1971, held without bail in the King County Jail pursuant to a directive from the Department of Institutions upon the affirmance of his conviction of the offense discussed in *State v. Rolax,* 3 Wn. App. 653, 479 P.2d 158 (1970), and the cause was not brought to trial as prescribed by RCW 9.98.010. RCW 9.98.010 provides that when one has entered upon a term of imprisonment in a penal or correctional institution of the state and during the continuance of the term of imprisonment there is pending an untried information against him, he must be brought to trial within 120 days after he has caused written notice of the place of his imprisonment and his request for final disposition of the information to be delivered to the prosecuting attorney and to the superior court in the county in which the information is pending. The plain wording of the statute requires that a defendant give *written notice* of (a) his place of imprisonment and (b) his request for disposition of the information. Under the statute, the 120-day period does not begin to run until the written notice is given. Defendant must show his written notice and request for speedy trial, and the demand must have been directed to the court. *See State v. Johnson,* 79 Wn.2d 173, 483 P.2d 1261 (1971). The record does not reflect that such a demand was ever made. Therefore, the time period did not begin to run, and the state did not lose jurisdiction to proceed with the prosecution.

The defendant was not prejudiced by the delay and was not entitled to a dismissal under either RCW 10.46.010 or 9.98.010. The denial of his motion was proper.

■ Marcus, the victim of the assault, was allowed to exhibit his scars to the jury over the objections of the defendant. The defendant contends that such a personal exhibition of the body was prejudicial and inflammatory and should not have been allowed. We disagree. *State v. Hardamon,* 29 Wn.2d 182, 186 P.2d 634 (1947), held that a photograph of an assault victim showing bandages on the face of the victim, was admissable, finding no abuse of discretion by the trial court. *See also State v. Hawkins,* 70 Wn.2d 697, 425 P.2d 390 (1967). We see no reason to admit photographs of wounds that are accurate graphic representations of the actual wounds inflicted and then forbid a victim from showing the actual wounds themselves or the scars resulting from such wounds. *See State v. Hood,* 225 Ore. 40, 356 P.2d 1100 (1960).

Exhibitions of physical injuries to the jury are commonly allowed in personal injury actions. *See* Annot., 66 A.L.R.2d 1334 (1959); C. McCormick, *Evidence* § 215 (2d ed. E. Cleary (1972)); 5 R. Meisenholder, Wash. Prac. § 34 (1965).

Further, in *Patterson v. State,* 34 Ala. App. 359, 39 So. 2d 709 (1949), the state was permitted to have the victim disrobe parts of his body and show scars from the injuries inflicted by an accused. The court held that the nature, extent, severity, location and number of wounds on the body became a matter of material inquiry.

Under the charge brought, it was proper for the state to prove an assault was actually made and that grievous bodily harm was inflicted. The exhibition of the victim's body was relevant to show the commission, nature and degree of the crime. The trial court may forbid such an exhibition if there is a likelihood prejudice will result rather than light cast on the aspects of a crime. The court ruled correctly in this instance. *State v. White,* 105 N.H. 159, 196 A.2d 33 (1963).

■ The defendant claims that there was unsubstantial evidence on which to base the assault conviction claiming that lawful force was all he used, specifically, the amount of force that would be used in self-defense by a reasonably

prudent man under the circumstances. There is no evidence that the victim ever had a weapon. The record supports that there was legally sufficient evidence, to wit, substantial evidence to support the jury's finding of guilt of assault in the second degree. The evidence shows that the defendant did willfully assault the victim with a weapon likely to produce grievous bodily harm, did inflict grievous bodily harm, and the assault occurred in King County. In determining whether the necessary quantum exists at this stage of the proceedings, a court does not weigh the evidence but, rather, determines its sufficiency. *State v. Gibson*, 79 Wn.2d 856, 490 P.2d 874 (1971); *State v. Dugger*, 75 Wn.2d 689, 453 P.2d 655 (1969); *State v. Deaver*, 6 Wn. App. 216, 491 P.2d 1363 (1971). We find substantial evidence is present to support each element of the crime, and a finding that the extent of the defendant's use of force was unlawful.

The court instructed the jury that the use of force upon another is not unlawful when used by a person about to be injured if the force is not more than shall be necessary. Further, in connection with this instruction, the court told the jury that a defendant may use only that force which a reasonably cautious and prudent person, situated as was the defendant, would have used under the circumstances as they appeared to him at the time. No objection was taken to that instruction, and it is the law of the case. There is no evidence which would justify the defendant in using the degree of force which he used, nor any evidence to support a finding that a reasonably cautious and prudent man would have used a weapon as did the defendant. There is substantial evidence to support the verdict of the jury. *See State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

What is a deadly weapon? By statutory definition, a "knife having a blade longer than three inches" is a deadly weapon as a matter of law. RCW 9.95.040.

■ Substantial evidence exists in the record to support the conclusion that the knife blade was longer than 3 inches. RCW 9.95.040 spells out weapons which are defined

as deadly as a matter of law; but the statute expressly says that while the weapons therein enumerated are deadly, the enumeration is not exclusive and not a prohibition against other weapons being found to be deadly. A deadly weapon has been defined as one which from the manner it is used is likely to produce death or with which death may be easily and readily produced. Black's Law Dictionary 487 (4th ed. 1951).

Whether a knife with a blade of less than 3 inches is a deadly weapon is a question of fact to be decided by the jury in light of the circumstances surrounding its use. *State v. Sorenson,* 6 Wn. App. 269, 492 P.2d 233 (1972). Other courts have defined a deadly weapon as one likely to produce death and held that when a small knife is not a deadly weapon *per se* under a statute, it is a question of fact for the jury to decide whether it should be characterized as such. *Hockenberry v. United States,* 422 F.2d 171, 173 (9th Cir. 1970); *DeWitt v. State,* 58 Okla. Crim. 261, 52 P.2d 88 (1935); *Dugan v. State,* 82 Tex. Crim. 422, 199 S.W. 616 (1917).

Here substantial evidence exists to support the conclusion that in the event the knife blade wielded by defendant was less than 3 inches, its use made it a deadly weapon under the circumstances.

■■ During the course of trial, the deputy prosecutor asked the victim if anyone else assaulted him during the time. An objection on the ground of relevancy was made to this question. Whether evidence is relevant or not is ordinarily within the discretion of the trial judge. *State v. Schrager,* 74 Wn.2d 75, 442 P.2d 1004 (1968); *State v. Gersvold,* 66 Wn.2d 900, 406 P.2d 318 (1965); *State v. Schock,* 41 Wn.2d 572, 250 P.2d 516 (1952). It is appropriate to admit testimony on facts which throw light upon the contested matter in view of the involvement of others besides the defendant and the victim in the struggle. The question sought testimony concerning facts which would be relevant. We find no error. The defendant in his appellate brief appears to make an argument not presented to the

trial court as a further objection to the question asked. We cannot consider arguments not made to the trial court concerning objections to the admission of evidence.

■ Finally the defendant assigns error to the giving of an instruction but cites no authority in support of his view that the instruction was improper. The reading of the record and the instructions as a whole indicates that the instruction was appropriate in light of testimony which occurred during the trial. However, an appellate court will not consider an argument on appeal in any event if it is unsupported by authority unless it is apparent that it is well taken on its face and meritorious. *Myers v. Harter,* 76 Wn.2d 772, 459 P.2d 25 (1969); *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968); *State ex rel. Neuert v. Alderwood Water Dist.,* 1 Wn. App. 480, 462 P.2d 948 (1969). It may do so, however, if not considering an assertion unsupported by citations would preclude the development of an unchartered area of the law. *King County Central Blood Bank v. United Biologic Corp.,* 1 Wn. App. 968, 465 P.2d 690 (1970). The instruction given does not place the assignment of error within any of these exceptions.

The defendant, 2 days after oral argument, requested additional time to present, pro se, further argument on an assignment or assignments of error not raised in his appointed counsel's brief. We were not informed of the content or substance of the points he may have desired to raise; 8 weeks additional time was granted personally to the defendant by an order of this court entered 16 days after the oral argument. No further communication of any kind since the request for time was made has been received from the defendant to the date of the filing of this appeal, 19 days after the expiration of the additional time granted. We deem whatever contention the defendant may have had in mind to have been abandoned.

The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.