[No. 43046.   En Banc.   December 26, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD ROLAX, *Petitioner*.

*Richard Emery, Allen M. Ressler*, and *Sarah Fisher*, for petitioner.

*Christopher T. Bayley, Prosecuting Attorney*, and *David Boerner, Chief Criminal Deputy*, for respondent.

FINLEY, J.—Petitioner Rolax, pursuant to CrR 7.7, filed a petition with the Court of Appeals, Division One, in which he sought post-conviction relief. The petition was dismissed by the Chief Judge of that panel. The petitioner by certiorari now seeks our review of the dismissal.

In October 1971, Rolax was convicted of second-degree assault upon his cousin, Hardison, and sentenced to a term of 10 years. At trial the four witnesses present at the time of the assault were called to testify. Hardison was subpoenaed by the State and testified that he was unarmed and stabbed by his cousin. Petitioner did not deny the stabbing but asserted that Hardison had attacked him with a broken glass ashtray. Petitioner thus claimed that his actions were in self-defense. The testimony of the other two witnesses supported the petitioner's version of the incident. Apparently, no other testimony was presented corroborating Hardison's version of the stabbing. The jury seemingly did not

believe the claim of self-defense or the defense witnesses, and found the petitioner guilty. As his basis for post-conviction relief, petitioner offers the affidavit of the complaining witness Hardison executed in August 1973. Hardison deposes that his trial testimony was untrue and that Rolax had, in fact, acted in self-defense. In addition, Hardison alleges that he never desired to press charges against his cousin, but was coerced into testifying by a prosecution threat to jail him as a material witness should he refuse.

Washington, until the adoption of CrR 7.7, was without a systematic procedure of post-conviction relief. Recently adopted CrR 7.7 delineates the guidelines to be followed by the courts of this state in granting post-conviction relief. The progenitor of our rule is found in provisions of the ABA Standards Relating to Post Conviction Remedies (Approved Draft 1968). The standard for post-conviction relief in this instance is governed by CrR 7.7(g), which provides:

> If at the hearing on the petition the court finds:
>
> . . .
>
> (3) that material facts exist not theretofore presented and heard, which require vacation of the conviction, sentence or other order in the interest of justice; . . .
> . . . it shall order the appropriate relief.

(Substantially identical to ABA Standard § 2.1 (a)(v).) Rule 7.7(b) requires that the Chief Judges of the Court of Appeals review petitions for post-conviction relief to determine whether the "petition appears to have any basis in fact or law, or is not on its face frivolous." If there appears to be some basis for relief, the rule requires that the "petition . . . be transmitted to the superior court in which the petitioner was originally tried for a prompt hearing on the merits of the petitioner's claim." The rule does not contemplate factual inquiry by an appellate court, but merely a screening of the petitions. In short, the function of the Chief Judge, in review, is one of separating the wheat from the chaff, and not delving beyond the face of the petition. *See* Comments of the Criminal Rules Task Force to the Washington Judicial Council, *Proposed Rules of Criminal Procedure* 134-35 (1971).

■ In our opinion, the allegation contained in the petition for post-conviction relief and accompanying affidavit to the effect that the complaining witness perjured himself, if true, may constitute a material fact. Any reliance upon *State v. Rhinehart*, 70 Wn.2d 649, 424 P.2d 906 (1967) and *State v. Wynn*, 178 Wash. 287, 34 P.2d 900 (1934) is misplaced. These cases stand for the proposition that when there exists *independent* evidence corroborating that of the witness who later seeks to recant his testimony, it is within the sound discretion of the trial court to determine whether to grant a new trial. We think that essentially the same general rule is apropos to CrR 7.7: the new evidence *may*, if true, constitute a material fact and thus be grounds for granting a new trial. A refinement in the law also exists, however. When a defendant is convicted *solely* on the testimony of the now recanting witness, this court has squarely held that it is an abuse of discretion not to grant a new trial. *State v. Powell*, 51 Wash. 372, 98 Pac. 741 (1909). *See also Commonwealth v. Mosteller*, 446 Pa. 83, 284 A.2d 786 (1971); *People v. Smallwood*, 306 Mich. 49, 10 N.W.2d 303, 147 A.L.R. 439 (1943). We think this rule also is applicable to CrR 7.7.

On the record before this court, we cannot definitively ascertain whether the defendant was convicted solely upon the basis of Hardison's now recanted testimony or whether there was independent corroborative evidence upon which the conviction could rest. This determination must be left to the trial court. In any event, there is sufficient basis on the face of the petition to require transmittal of the petition to the Superior Court.

After a hearing on the merits of the claim, that court shall determine whether the testimony was, in fact, perjured and, if so, whether the jury's verdict of guilty was likely to be influenced thereby. In the event that the court finds that the testimony was perjured and the jury influenced thereby, the judgment of the Superior Court in the second-degree assault conviction should be vacated and a new trial ordered. If the Superior Court determines that no

perjury occurred or that such perjury was harmless error, the relief requested should be denied. .

ROSELLINI, HAMILTON, STAFFORD, and UTTER, JJ., concur.

WRIGHT, J. (dissenting)—This case involves a matter of a witness who changed his story long after trial. The witness in question was the complaining witness, the victim of an assault with a knife, but he was only one of several persons who was present at the assault and who testified at the trial. The only issue upon which he changed his story was whether he had an *ashtray* in his hand at the time he was assaulted.

There are several reasons why the post-conviction relief should be denied.

It has never been the law that a new trial, or post-conviction relief of any kind, need be granted in case a witness later changes his version of the events, or later says his testimony at the trial was not true. *State v. Rhinehart*, 70 Wn.2d 649, 424 P.2d 906 (1967); *State v. Wynn*, 178 Wash. 287, 34 P.2d 900 (1934).

In *State v. Wynn, supra*, it is said at page 289: "The untrustworthy character of recanting testimony is well known by those experienced in the trial of criminal cases."

Sound policy considerations support the position taken in this dissent. If it were possible to have a conviction vacated any time a witness said his testimony at the trial was not correct, there would be no finality to judgments of conviction. Witnesses would be subjected to constant pressures. Persons with knowledge of the facts would be less willing to be witnesses if they knew they would be subjected to continuing harassment and urgings to deny the truth of testimony given in the trial.

The majority seek to distinguish *State v. Wynn, supra*, and *State v. Rhinehart, supra*, upon the basis that there is corroboration of the testimony of the recanting witness by independent evidence. I submit there is stronger reason to consider the change in the account by the complaining witness in either *Wynn* or in *Rhinehart* than in the instant,

case. Both of those cases involved the type of crime which is commonly referred to as a "sex crime." The common experience of mankind will confirm that such crimes are usually committed in private, and the conviction must rest primarily upon the testimony of the complaining witness. It is also common experience that such crimes are fraught with great hazard of false accusations because of the factors just mentioned, and because of such motives as protecting the truly guilty party, anger, jealousy, and revenge.

Contrary to those cases, in the case at bar the crime was committed in the presence of four witnesses.

It must be remembered we are here faced with a case in which there are several eyewitnesses. It was undisputed the assault occurred. The defense was affirmative, self-defense.

The jury had not only the benefit of the testimony of all of the witnesses, but also they saw both defendant and complaining witness, and could determine the size and physical abilities of each. The ashtray was presumably in evidence for the jury to see, but if not, it certainly would have been fully described to the jury. For the purposes of this proceeding, we do not have the benefit of the full record of the trial, but the Court of Appeals did have such a record on the direct appeal of the conviction. *State v. Rolax*, 7 Wn. App. 937, 503 P.2d 1093 (1972). Therein the court said at page 942:

> There is no evidence which would justify the defendant in using the degree of force which he used, nor any evidence to support a finding that a reasonably cautious and prudent man would have used a weapon as did the defendant.

The affidavit of Marcus Eugene Hardison, the complaining witness who recanted, is vague, ambiguous, and weak. He says he testified he did not have a weapon and in the affidavit says he did have a weapon. The only weapon ever discussed was an *ashtray*. He also says he testified the brother of defendant held him at the time of the assault, and in the affidavit says, "This, too, is not entirely accu-

rate." He says in the affidavit the brother was in the midst of the fight, but carefully refrains from saying he was not being held. The other item upon which he recants is that he had testified that *after the stabbing* he heard defendant threaten to "off" him, and in the affidavit says he heard nothing.

Defendant was accorded a trial which was found to be free from error when the conviction was affirmed on appeal. *State v. Rolax*, 7 Wn. App. 937, 503 P.2d 1093 (1972). He was given an opportunity in that appeal to present further argument, pro se, which he failed to do, although he was not inexperienced in matters of criminal law. *State v. Rolax*, 3 Wn. App. 653, 479 P.2d 158 (1970).

There is no justification for giving any further consideration to the claims of this defendant. I would deny the writ.

HALE, C.J., and HUNTER and BRACHTENBACH, JJ., concur with WRIGHT, J.