[Nos. 43591, 43630, 43638,  En Banc.  October 2, 1975]
43650, 43651.

RICHARD WRIGHT, JR., *Petitioner*, v. CHARLES MORRIS, *as Secretary of the Department of Social and Health Services*, *Respondent*.

JACK ELWOOD WILSON, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*.

STANLEY ROSE, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*.

DAVID H. RIEL, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*.

MICHAEL ANTHONY BROTTEN, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent*.

*Allen Ressler, Richard Emery,* and *Richard Phillips,* for petitioners.

*Donald C. Brockett, Prosecuting Attorney,* and *Slade Gorton, Attorney General,* and *Thomas W. Hayton, Assistant,* for respondents.

ROSELLINI, J.—These cases were heard together upon procedural questions only. In each case the petitioner's application for post-conviction relief was denied in the Court of Appeals upon the ground that it was patently frivolous, and in each case the petitioner sought review of the order in this court.

Since the adoption of CrR 7.7, this court has twice had occasion to comment upon the rule. *State v. Rolax,* 84 Wn.2d 836, 529 P.2d 1078 (1974), and *Holt v. Morris,* 84

Wn.2d 841, 529 P.2d 1081 (1974). The procedure being a new one, all of the problems which might arise out of it were not foreseen at its inception. It is inevitable that there must be some refinements, clarification and modification if the rule is to achieve its purpose of simplifying and expediting post-conviction remedies. Problems which have been presented to the court in the argument of these consolidated questions, as well as in the study of other cases which have arisen, have led us to conclude that the rule should be modified and clarified in certain respects. For ease of reference, we quote the rule:

(a) **Petition.** A petition for post-conviction relief may be filed by a person under any disability resulting from a sentence or order of a court who claims a right to relief upon the ground that such disability was imposed in violation of the constitution or laws of the United States or of the State of Washington or is otherwise subject to collateral attack. Such petition shall be directed to the chief judge of the Court of Appeals in the district in which the court that imposed the sentence or order is located and shall be filed on a standard form approved by the Supreme Court and appearing as section (j) of this rule.

(b) **Prompt Hearing.** If the petition appears to have any basis in fact or law, or is not on its face frivolous, the chief judge shall cause the petition to be transmitted to the superior court in which the petitioner was originally tried for a prompt hearing on the merits of the petitioner's claim.

(c) **Hearing Judge.** The hearing on the petition in the superior court may be before any judge except the judge who imposed the sentence or other order, unless the petitioner assents to a hearing before such judge.

(d) **Purpose of Hearing.** The purpose of the hearing will be to determine whether the petitioner is entitled to release or other appropriate relief. The rules of evidence applicable at trial shall be followed at this hearing.

(e) **Right to Counsel.** The petitioner may be represented by counsel at such hearing, and where the court finds that the petitioner is indigent, counsel shall be provided at the state's expense.

(f) **Presence of Petitioner.** A court may hear the petition without requiring the presence of the petitioner at

the hearing. Upon timely motion and a showing of good cause, the court may order the petitioner's presence at the hearing.

**(g) Relief upon Proper Finding.** If at the hearing on the petition the court finds:

(1) that the conviction was obtained or sentence or order imposed in violation of the Constitution of the United States or the constitution or laws of the State of Washington; or

(2) that the court entering the sentence or order was without jurisdiction over the person of the petitioner or the subject matter; or

(3) that material facts exist not theretofore presented and heard, which require vacation of the conviction, sentence or other order in the interest of justice; or

(4) that there has been a significant change in law, whether substantive or procedural, material to the conviction, sentence or other order and sufficient reasons exist to require retroactive application of the changed legal standard, it shall order the appropriate relief.

**(h) Appeal.** Either party may appeal the ruling of the superior court. The appeal shall be governed by the rules of appeal in criminal matters. Counsel appointed by the superior court to represent an indigent shall continue to represent him on the appeal unless, for good cause shown, he is relieved by the court.

**(i) Successive Motions.** A second or successive motion for similar relief on behalf of the same petitioner shall not be entertained without good cause shown.

CrR 7.7.

In *State v. Rolax, supra,* we said that the role of the chief judge, in passing upon a petition, is to determine whether it is frivolous upon its face, and not to delve beyond the face of the petition. The allegations in the petition in that case were made under paragraph (g)(3) of the rule, and thus raised fact questions. The petition was not patently frivolous, and we held that it should have been transmitted to the superior court for a hearing on the merits.

Our statements in that case concerning the chief judge's duty under the rule were appropriate under the circumstances of the case. However, we did not have in mind the impact of this interpretation in cases where the petition is

not patently frivolous but may be shown to be so by reference to matters of record or of which the court can take judicial notice, or where the question raised involves no factual dispute but only a question of law. After consideration of these problems, we have reached the conclusion that the broad statement restricting the powers of the Court of Appeals was improvidently made and should be overruled. Likewise, *Holt v. Morris, supra,* should be overruled to the extent that it is inconsistent with the rule as explained and modified herein.

When a petition for post-conviction relief is filed with the Court of Appeals, the procedure shall be as follows:

1. The chief judge shall examine the petition and if he finds it patently frivolous, he shall deny it. In all other circumstances, the chief judge shall call for an answer. The petitioner may petition to review an order denying his petition by certiorari, the petition to be filed within 15 days after the order is entered, as provided in ROA I-57(e)(1). If the petition is filed late due to circumstances beyond the control of the petitioner, the court may, in its discretion, waive strict compliance with the time limitation. *See Moore v. Burdman,* 84 Wn.2d 408, 526 P.2d 893 (1974). The order of the Court of Appeals shall be defended by the prosecutor of the court in which the conviction was obtained.

There appears to be some confusion as to whether the Attorney General or the prosecuting attorney whose office tried the case is the proper person to represent the State when a petition is dismissed summarily. Both the Attorney General and the prosecutors appear to be in agreement that the prosecutor, being already familiar with the case and being the attorney whose customary duties include representation of the State on criminal appeals, is in the best position to respond where the court calls for an answer or transfers the case to the superior court.

Because the Attorney General has the duty of representing State officers (RCW 43.10.030), he has traditionally represented the Secretary of the Department of Social and Health Services in habeas corpus proceedings. The question

thus arises, Should he defend the order of the Court of Appeals dismissing a petition, where review is sought in this court and the prosecuting attorney has not been called upon previously to answer the petition? There appears to be no sound reason why the prosecutor should not be able to defend the order in such a case. The knowledge of the case which he has already obtained in prior proceedings makes him the most logical person to assume this task. The Attorney General has correctly pointed out that the real party in interest in such a case is the State and not the appellate judge.

The objection which the prosecutors raised to the proposal that they should represent the interest of the State in all post-conviction relief proceedings, is that they are not always kept informed of the filing of applications for such relief and the disposition which the court makes of them. We think that once it is understood that the prosecutor has the duty of representing the State in such proceedings, as he does in other criminal proceedings (*see* RCW 36.27.020 (4)), this problem should be eliminated. The clerk of the Court of Appeals should see to it that the appropriate prosecutor receives a copy of any pleadings or other papers submitted by the petitioner and of any order entered by the court.

██  2. If the petition is not patently frivolous and is grounded upon a factual allegation, the truth of which can be determined only by holding an evidentiary hearing (that is, if the petition alleges a material fact which is not of record in the case and which the court does not judicially know), the chief judge shall refer the matter to the appropriate trial court (*see* CrR 7.7 (c)) for hearing. At the hearing, the State shall be represented by the prosecuting attorney of the county in which the hearing is held. An appeal may be taken to the Court of Appeals from the trial court's final order disposing of the matter. Review in this court of the decision of the Court of Appeals may be sought by petition for review, if an opinion is filed; otherwise by certiorari.

■■ 3. If the petition is not patently frivolous but may be shown to be so by reference to matters of record in the case or matters of which the court can take judicial notice, the chief judge shall call for an answer from the prosecutor who obtained the conviction. The petitioner shall be entitled to a copy of the answer and the Court of Appeals shall set a reasonable time in which to reply. If the record of the trial, or portions thereof, is necessary to determine whether the petition is frivolous, the prosecutor or the chief judge may order the same sent up, and may make a copy available to the petitioner in its discretion.

If, after calling for an answer, the court determines that the petition is frivolous and dismisses it, the petitioner may seek review as in paragraph 1 above.

■ 4. If the court determines that the petition is not frivolous and the issue raised involves only a question or questions of law, the chief judge should call for an answer if this has not already been done and set the matter for hearing before a panel of the court. The court, in its discretion, may call for briefs, may appoint counsel to represent the petitioner, and may allow oral argument. Review of its decision may be sought in this court by certiorari, as provided in paragraph 1 above.[1]

To the extent that statements made in *State v. Rolax*, 84 Wn.2d 836, 529 P.2d 1078 (1974), and *Holt v. Morris*, 84 Wn.2d 841, 529 P.2d 1081 (1974), may be inconsistent with the exposition of CrR 7.7 contained herein, they are hereby overruled.

The merits of the petitions which were consolidated for the purpose of considering the procedural questions raised with reference to CrR 7.7 are not adjudicated in this opinion.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

---

[1]This procedure eliminates an unnecessary step in the adjudicative process—a remand to the trial court where no evidentiary hearing is needed.