IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32105-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM A. BROUSSEAU, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — William Brousseau appeals from the trial court's determination after a reference hearing that a victim's recantation was not credible. Concluding that the trial court applied the proper standards, we affirm.

## FACTS

Mr. Brousseau was tried and convicted in 2007 of child rape and child molestation in the Asotin County Superior Court. The victim was seven year old J.R. She initially disclosed the abuse to her friend's grandmother and a school counselor, and then later to a Child Protective Services (CPS) investigator and a detective. The child also testified at trial.

Mr. Brousseau appealed directly to the Washington Supreme Court, primarily challenging whether a competency hearing had been required. The court affirmed the convictions. *State v. Brousseau*, 172 Wn.2d 331, 259 P.3d 209 (2011).[1] Mr. Brousseau then timely filed a personal restraint petition (PRP) in the spring of 2012. The petition included an affidavit signed by J.R. in which she recanted the allegations of abuse. The Chief Judge of this court directed that a reference hearing be held to determine the credibility of the recantation and, if credible, whether the recantation constituted newly discovered evidence justifying a new trial under *State v. Macon*, 128 Wn.2d 784, 911 P.2d 1004 (1996).

The matter proceeded to hearing before the Honorable John Lohrmann, a visiting judge from Walla Walla County.[2] Mr. Brousseau called J.R. to testify and also relied on the report of defense expert, Dr. Daniel Rybicki. The State called the four witnesses before whom J.R. had made her disclosures—the grandmother, the school counselor, the CPS investigator, and the detective. Judge Lohrmann also considered the affidavit and a transcript of J.R.'s trial testimony.

---

[1] The facts of the case can be found in the published opinion and will not be repeated here.

[2] Reference hearings must be held before someone other than the judge whose rulings are at issue. RAP 16.12.

2

Judge Lohrmann found the recantation not credible under the circumstances. J.R. had been brought by her mother and an "aunt" to see Dr. Rybicki for the sole purpose of recanting her trial testimony. There she signed an affidavit prepared by a defense investigator who also happened to be present. The affidavit blamed the abuse on her previous stepfather. In contrast, the four State's witnesses reiterated her consistent identification of Mr. Brousseau as her abuser at the time of the disclosures.

Written findings were entered. Mr. Brousseau then timely appealed to this court.

## ANALYSIS

Mr. Brousseau primarily argues that the trial court applied the wrong standard in its consideration of the matter at the reference hearing. He also argues that courts should not apply a presumption of unreliability to recantations made by a child. We address those issues in the noted order.

*Standard Applied at Reference Hearing*

Mr. Brousseau initially argues that the trial court erred in applying the *Macon* standard required by this court's order directing the remand hearing. He contends that the test should not be whether the trial judge finds the recantation credible, but whether or not the new testimony might have created reasonable doubt for a juror. *Macon*, which squarely rejected this argument, governs this action and we must follow it.

A trial court may grant a new trial based on newly discovered evidence if the defendant proves the new evidence "(1) will probably change the result of the trial; (2)

3

was discovered since the trial; (3) could not have been discovered before trial by the exercise of due diligence; (4) is material; and (5) is not merely cumulative or impeaching." *State v. Williams*, 96 Wn.2d 215, 222-23, 634 P.2d 868 (1981). The trial court's ruling is reviewed for abuse of discretion. *Id.* at 221.

*Macon* expressly applied the *Williams* test to the recanting witness situation. 128 Wn.2d at 800. In *Macon*, the count of first degree child rape in question involved a five-year-old girl whose mother had married the defendant after sentencing and reclaimed custody of the child from the maternal grandmother. *Id.* at 796-97. A year later the child allegedly recanted the abuse allegation to a friend of the mother's. *Id.* at 797. The trial judge did not find the recantation credible and denied the motion for a new trial. *Id.* at 798-99.

The Washington Supreme Court ultimately heard the case and affirmed the ruling. In the course of its analysis, the court noted some of its prior decisions that held that a trial court abused its discretion in denying a new trial when a witness later recants and there was no corroboration. *Id.* at 800 (citing *State v. Rolax*, 84 Wn.2d 836, 838, 529 P.2d 1078 (1974) and *State v. Powell*, 51 Wash. 372, 374-75, 98 P. 741 (1909)). *Macon* then overruled *Powell*. 128 Wn.2d at 805. It also restated the rule of *Rolax*:

> *State v. Rolax* supports the conclusion that when a defendant's conviction is based solely upon the testimony of a recanting witness, the trial court does not abuse its discretion if it determines the *recantation is unreliable* and denies the defendant's motion for a new trial. But it also follows from *Rolax* that when a defendant's conviction is based solely upon the

4

testimony of a recanting witness, and the trial court determines the *recantation is reliable*, the trial court must grant the defendant's motion for new trial.

*Id.* at 804. In reaching its results, the *Macon* court returned to the standard applied in *State v. Wynn*, 178 Wash. 287, 288-90, 34 P.2d 900 (1934) (recognizing that trial court can reject recantation testimony). 128 Wn.2d at 802.

Division One of this court thoroughly addressed the trial court's recantation assessment obligations the following year in *State v. Ieng*, 87 Wn. App. 873, 942 P.2d 1091 (1997), *review denied*, 134 Wn.2d 1014 (1998). There the court concluded that the existence of corroborating evidence is not a dispositive factor and that the trial court must make its own determination concerning the credibility of a recantation. *Id.* at 879-80. In particular, the determination must be made "without regard to whether a jury might find the witness credible." *Id.* at 880.

Despite the overruling of *Powell* and the restatement of *Rolax*, Mr. Brousseau urges us to follow those cases instead of *Macon* and *Ieng*. However, this court is not free to disregard controlling precedent from the Washington Supreme Court. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). *Macon* controls here. When a recantation is deemed not credible, it is not "material" evidence within the meaning of the new trial test. 128 Wn.2d at 800-01.

5

The trial court considered the totality of the circumstances and concluded, understandably, that the recantation was not credible. J.R. was brought to an expert witness for the purpose of recanting, not treatment. She expressed sadness about the effects of the disclosure on the defendant rather than any sadness due to falsely naming the defendant. The recantation occurred after she was returned to the custody of her mother, a supporter of the defendant. The misidentification of the offender claimed by the recantation was inconsistent with the earlier disclosure, on three occasions, to four witnesses, as well as with J.R.'s trial testimony. Under the circumstances, the trial judge was free to determine that the recantation was manufactured and not credible.

The trial court applied the correct standard to its analysis of the recantation. There was no error.

*Presumption of Unreliability*

Mr. Brousseau also argues that there should be no presumption that a recantation is unreliable when it comes from a small child. This is a non-issue. Washington does not apply a presumption of unreliability.

It appears that Mr. Brousseau is asking this court to change a legal standard that does not actually exist. When a party asks the court for a new trial because of newly discovered evidence, that party bears the burden of establishing its case. *See State v. Swan*, 114 Wn.2d 613, 641-42, 790 P.2d 610 (1990); *State v. Franks*, 74 Wn.2d 413, 418, 445 P.2d 200 (1968). In deciding whether to award a new trial based on any newly

discovered evidence, the trial judge must assess the credibility of proffered testimony. *State v. West*, 139 Wn.2d 37, 43, 983 P.2d 617 (1999). Effectively, the proponent of the recantation evidence must establish its believability.

It is in this context that Washington courts have expressed skepticism about recantation evidence. "Recantation testimony is inherently questionable." *Macon*, 128 Wn.2d at 801. While expressing that view, *Macon* nonetheless did not apply it to the trial court's new trial calculus when considering recantation evidence. *Macon* did not direct trial judges to start with a presumption against reliability or otherwise suggest that the recantation evidence was suspect. Instead, it made its observation explaining why this type of evidence was the subject of much litigation and careful scrutiny. However, it did not put its thumb on the trial court's scale.

Nothing in this record supports a suggestion that the trial court applied some presumption against J.R.'s recantation. Instead, the record shows that the visiting judge carefully considered the record of the case, J.R.'s brief recantation, and the testimony of the five witnesses before rejecting the new trial. Judge Lohrmann properly considered the recantation and assessed it as required by *Macon*. He reached his conclusion that it was not credible after a careful weighing of the evidence on the record. There is no sign that he applied any presumption against the evidence.

7

Again, there was no error.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.

8