968

[No. 207-40560-1.    Division One.    February 24, 1970.]
Panel 1

KING COUNTY CENTRAL BLOOD BANK, *Appellant*, v. UNITED
BIOLOGIC CORP., *Respondent*.

*Madden & Poliak* and *William J. Madden,* for appellant.

*Aiken, St. Louis & Siljeg* and *Charles E. Siljeg,* for respondent.

SWANSON, J.—The King County Central Blood Bank sued to permanently restrain a federally licensed California corporation, United Biologic Corporation, from continuing its profit-making enterprise of buying human blood from inhabitants of King County and exporting it to other states. If the court does not put a stop to defendant's purchase and exportation of blood, claims the plaintiff blood bank, the supply available for transfusions to the sick or injured of King County might become so diminished as to create a threat to their health and welfare. An injunction lies to prevent the depletion of this resource, says the plaintiff. The trial court disagreed and granted a summary judgment of dismissal. The plaintiff blood bank appeals.

Since about 1946, when the plaintiff organization was formed by public-spirited citizens to provide a center for the collection, cross-matching, and furnishing of blood, it has completely taken over these functions for all of the citizens of King County. Consequently, the individual hospitals in the area have discontinued their corresponding facilities, so that the plaintiff blood bank is the only source of transfusable blood in this community. The plaintiff does not buy blood but relies solely on voluntary donations from the general public to supply its needs.

Recently the defendant corporation moved into King County and began collecting blood by paying donors approximately $5 per unit. It is undisputed that the defendant corporation is licensed by the National Institute of Health, a division of the Department of Health, Education and Welfare under authority of 42 USCA § 262. Its principal business, pursuant to that authority, is trafficking in therapeutic serum including, but not limited to, whole human blood and blood plasma. The blood plasma obtained in King County is sold to pharmaceutical companies and utilized in the manufacture of various medical supplies and then placed in interstate commerce and shipped to many states, including Washington, to meet the medical needs of communities throughout the country. Nevertheless, plaintiff argues, inasmuch as the defendant corporation appeals to the general public in King County to purchase blood which otherwise might have been donated to the plaintiff corporation, the exportation of this resource from the community threatens plaintiff's ability to furnish blood for transfusions to the ill and injured of this community. This, says the plaintiff, is a threat to the health and welfare of the people of King County, and the trial court erred in dismissing its request for an injunction.

On this appeal plaintiff does not allege there are any material issues of fact left undecided by the summary judgment. Thus, the facts before the trial court are verities on appeal. CAROA 43; *Zarelli v. Superior Distrib. Corp.,* 51 Wn.2d 154, 316 P.2d 465 (1957). Plaintiff's sole argument is

that the trial court did not apply the correct law. Plaintiff concedes that research has unearthed no similar litigation and candidly admits there is no comparable case which can be cited for authority.

■■■■ While this court normally will not consider a legal assertion unsupported by authority, *State ex rel. Neuert v. Alderwood Water Dist.*, 1 Wn. App. 480, 462 P.2d 948 (1969), we do not apply that rule here. To do so would preclude the development of uncharted areas of the law. Rather, judging plaintiff's case on its merits, we find no policy in the water law cases cited by plaintiff that would control here. No other authority has been cited, nor has our research revealed any. Anxiety, fear, potential danger to health, real or fancied, cannot be substituted for legal authority. Plaintiff's contention amounts to an invitation to legislate. This we decline to do. Our feelings are well expressed in the trial court's oral opinion:

> I can see nothing in anything that has been presented which would give the plaintiff, King County Central Blood Bank, however laudable its objectives and accomplishments, the right to say to anybody else,
>> You shall not infringe upon us. We have the exclusive right to collect blood.

Neither can we. The judgment is affirmed.

JAMES, C. J., and FARRIS, J., concur.