960 P.2d 432 (1998)
90 Wash.App. 880
Mary REYNOLDS, a single person, and Sarah Reynolds, a single person, Respondents,
v.
FARMERS INSURANCE COMPANY OF WASHINGTON, Appellant.
No. 16621-0-III.
Court of Appeals of Washington, Division 3, Panel Three.
March 26, 1998.
Publication Ordered May 11, 1998.
Diehl R. Rettig, Rettig, Osborne, Forgette, O'Donnell & Iller, Kennewick, for Appellant.
David M. Grant, Deglow & Grant, Spokane, for Respondents.
SCHULTHEIS, Chief Judge.
Farmers Insurance Company reinstated Mary Reynolds's automobile insurance policy effective after an accident involving her car. Farmers then sent her the reinstatement policy with an effective time prior to the accident. After Farmers notified Ms. Reynolds that the time on the reinstatement was incorrect and sent her a corrected policy, she sued for coverage. The trial court granted her motion for summary judgment and Farmers appeals, contending Ms. Reynolds had no coverage at the time of her accident and that the reinstatement policy should be reformed based on a unilateral mistake. We reverse.
Ms. Reynolds's car was insured by Farmers and she was scheduled to make mid-monthly *433 payments of around $50 on the account. From the time of the policy's inception in December 1992, Ms. Reynolds had occasionally received notices of cancellation based on delinquent payments. On all but one occasion, she made the delinquent payment before the cancellation date. The exception was one time when she made partial payments pending credit due when she changed her policy. This credit made up the balance of her partial payments.
Ms. Reynolds was delinquent in her November 1994 payment. In a letter received around December 16, 1994, Farmers demanded payment of $101.56 for the months of November and December. The notice informed her that unless Farmers received the full payment by December 31, 1994, the policy would be cancelled. It also stated that this would be the only notice she would receive. About a week prior to receiving the notice, Ms. Reynolds had mailed a $50 payment to Farmers for November. She made no further payments before the December 31 cancellation date.
At approximately 1:30 a.m. on January 11, 1995, Ms. Reynolds's daughter Sarah rolled her mother's car, injuring herself and her four passengers. Ms. Reynolds visited the office of her Farmers agent at 8:00 a.m. that same day. First she offered an agency employee $60 to reinstate her account. After the employee accepted the payment, Ms. Reynolds told her the car had been involved in an accident earlier that morning. The employee responded, "Well I don't know if this is going to cover it, you know, if they will accept your money, because it's there late and you don't have the full amount. And because of that, ... I am not going to guarantee it, but it is not for me to decide." The employee retained the payment.
On February 9, 1995, Farmers sent Ms. Reynolds written notice that coverage had not been in force from December 31, 1994, until it was reinstated at 8:00 a.m. on January 11, 1995. It denied coverage for the January 11 accident. About two weeks later, Farmers sent Ms. Reynolds the declaration page of the reinstated policy. At the top of the page, the policy prominently states that coverage began at 12:01 a.m. on January 11, 1995. Ms. Reynolds then wrote to Farmers asserting that her accident was covered because the policy was reinstated before the accident occurred. Farmers did not respond until May 30, when it sent her an amended declarations page showing that coverage began at 8:00 a.m. on January 11. An attached letter stated, "This is the time that money was receipted and when coverage was bound and began."
Ms. Reynolds filed suit against Farmers in April 1996 alleging breach of the insurance contract and a violation of the consumer protection act. She requested a declaratory judgment for coverage, treble damages and attorney fees and costs. Both parties moved for summary judgment on the issue of coverage. After an unrecorded hearing on November 15, 1996, the trial court granted Ms. Reynolds's motion for summary judgment and denied Farmers's motion. The court found that coverage began at 12:01 a.m. on January 11, 1995. It awarded Ms. Reynolds attorney fees and costs and $10,395 for damage to her car.[1]
The sole issue on appeal is whether the trial court erred in finding that Ms. Reynolds's coverage was effective as of 12:01 a.m. on January 11, 1995. Our review of the grant of a motion for summary judgment is de novo, considering the facts in the light most favorable to Farmers. Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 811, 828 P.2d 549 (1992). Summary judgment is appropriate if there is no genuine issue of material fact and reasonable persons could reach but one conclusion. Id.
Ms. Reynolds does not dispute the fact that her coverage was cancelled on December 31, 1994, for nonpayment of the premium. Coverage was reinstated by payment of the premium on January 11, 1995. What is disputed is the time of day coverage began. Farmers contends it informed Ms. Reynolds by letter on February 9 that coverage began at the time she tendered payment  8:00 a.m. Ms. Reynolds responds that the clear terms of the reinstatement declaration provide that coverage began at 12:01 a.m., and *434 argues that Farmers may not present extrinsic evidence (the February 9 letter) to contradict those terms.
The rule is that extrinsic evidence may not be used to contradict, modify or add to a contract absent fraud, accident or mistake. In re Marriage of Schweitzer, 132 Wash.2d 318, 327-28, 937 P.2d 1062 (1997) (quoting Berg v. Hudesman, 115 Wash.2d 657, 669, 801 P.2d 222 (1990)). While the February 9 letter contradicts the activation term of the reinstatement agreement, it is offered to prove that the agreement's term was the result of an accident or mistake. Accordingly, consideration of the letter is appropriate.
On the basis of the evidence that Farmers mistakenly extended coverage to a time before the premium payment was tendered, it seeks reformation of the reinstatement agreement to reflect its actual intention. Generally speaking, a defendant will not be held liable under a contract executed by him or her as the result of a material unilateral mistake if the plaintiff knows of the mistake or is charged with knowledge of it. Basin Paving, Inc. v. Port of Moses Lake, 48 Wash.App.180, 185, 737 P.2d 1312 (1987); Appleway Leasing, Inc. v. Tomlinson Dairy Farms, Inc., 22 Wash.App. 781, 784, 591 P.2d 1220 (1979). Ms. Reynolds first received notice that her coverage began at 8:00 a.m. When the reinstatement agreement later materially deviated from that term, she was on notice that a mistake had been made.
Additionally, this is a contract flawed due to a clerical error. It is well settled that a court in equity may reform a contract to correct a scrivener's error. Geoghegan v. Dever, 30 Wash.2d 877, 889, 194 P.2d 397(1948); In re Estate of Harford, 86 Wash.App. 259, 263, 936 P.2d 48 (1997), petition for review filed (Dec. 2, 1997) (Supreme Court cause 66476-5). A scrivener's error occurs when the intention of the parties is identical at the time of the transaction but the written agreement errs in expressing that intention. Harford, 86 Wash.App. at 263, 936 P.2d 48. While we cannot say that Ms. Reynolds agreed to coverage from 8:00 a.m. on, she was clearly informed in the February 9 letter that her tender of payment at 8:00 a.m. on January 11 triggered reinstatement of her policy. If she had not agreed to those terms, she could have cancelled the policy. What she may not do is hold Farmers to the terms of the erroneous reinstatement.
Considering the record and the law, we conclude the trial court erred in finding that Ms. Reynolds's policy became effective at 12:01 a.m. on January 11, 1995. On the contrary, we find that as a matter of law the policy took effect upon tender of the premium at 8:00 a.m. Accordingly, we reverse the judgment of the trial court and grant summary judgment to Farmers.
Reversed.
SWEENEY and BROWN, JJ., concur.
NOTES
[1] Ms. Reynolds does not request attorney fees on appeal.