# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DEUTSCHE BANK NATIONAL TRUST )     No. 75407-6-I
COMPANY, as Trustee on behalf of the )
registered certificate holders of Harbor )
View Mortgage Loan Trust 2004-9, )
Mortgage Loan Pass-Through )
Certificates, Series 2004-9 at C/O )
Select Portfolio Servicing, Inc., )
                                )
            Respondent, )
                                )     DIVISION ONE
            v.                   )
                                )
HAMID KERMANSHAHI[1] and SIMA )
KHOSHDEL, )
                                )
            Appellants, )
                                )
DAVID M. RANDALL, JANICE A. )
RANDALL, GEORGE M. SPEAR AND )     UNPUBLISHED OPINION
SUSAN K. SPEAR, KEYBANK, N.A. )
and WASHINGTON FEDERAL, N.A., )
                                )
            Defendants. )     FILED: October 2, 2017
_____ )

MANN, J. — Tony Kermani appeals the trial court's decision to reform the legal

description of his property in the deed of trust (deed) held by Deutsche Bank National

Trust Company (Deutsche Bank) on the grounds of mutual mistake. We affirm.

_____

[1] Since filing the original action, appellant Hamid Kermanshahi legally changed his name to "Tony Kermani." We will refer to the appellant as Kermani.

## FACTS

In 1998, Kermani purchased the property located at 4558 Lake Washington Boulevard NE in Kirkland, Washington. Deutsche Bank is the current lender for the property.

Prior to Kermani's purchase, his predecessor, George Spear, and two other neighbors brought a quiet title action concerning disputed property. In 1990, the King County Superior Court entered an amended judgment and decree that awarded Spear an additional strip of land running adjacent along the north side of the original lot, referred to as "Parcel C" or the "judgment property." The judgment property contains a roadway. The amended judgment and decree contained a detailed legal description for the judgment property. From 1990 forward, this strip of land was used as part of 4558 Lake Washington Boulevard NE, and the property owners paid taxes on it.

In 1992, George Spear quitclaimed the property to his new wife and himself as community property. The quitclaim deed was recorded in King County. The quitclaim deed contained only the legal description for the original property and left out the legal description for the judgment property. In 1997, the Spears sold their property to David and Janice Randall. The statutory warranty deed from the Spears to the Randalls, also contained only the legal description for the original property and left out the description for the judgment property. The same thing happened in 1998 when the Randalls sold the property to Kermani and his then-wife, Sima Khoshdel. The legal description in the 1998 statutory warranty deed omitted the legal description for the judgment property.

In 2000, Kermani quitclaimed his interest in the property to Khoshdel. This deed described the entire property, including the legal description for the judgment property.

In January 2004, Khoshdel quitclaimed the property back to Kermani. The January 2004 quitclaim from Khoshdel to Kermani once again omitted the legal description for the judgment property.

In August 2004, Kermani refinanced the property by obtaining a $1 million loan from Plaza Home Mortgage. The loan was secured by a deed on Kermani's property. The deed included the legal description for the original property but did not include the legal description for the judgment property.

In August 2013, the deed was assigned to Deutsche Bank. Deutsche Bank filed suit against Kermani seeking reformation of the legal description in a deed, arguing the omission of the strip of land was a result of mutual mistake and scrivener's error. The trial court granted summary judgment in favor of Deutsche Bank and ordered that the legal description be reformed to include the entire property. Kermani appeals.

ANALYSIS

Kermani argues that the trial court erred in granting summary judgment and reforming the deed of trust to include the judgment property. We disagree.

We review summary judgment motions de novo, engaging in the same inquiry as the trial court. Glepco, LLC v. Reinstra, 175 Wn. App. 545, 559-60, 307 P.3d 744 (2013). Summary judgment is properly granted if, "viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Glepco, 175 Wn. App. at 560; CR 56(c). The burden is on the party moving for summary judgment to demonstrate there is no genuine dispute as to any material fact. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). The motion should

be granted only if reasonable minds could reach but one conclusion from all the evidence. Glepco, 175 Wn. App. at 560; Folsom, 135 Wn.2d at 663.

Reformation "is an equitable remedy that brings a writing that is materially different from the parties' agreement into conformity with that agreement." Glepco, 175 Wn. App. at 560. "The exercise by the superior court of equity discretion is reviewed under the abuse of discretion standard." Glepco, 175 Wn. App. at 560 (citing Wilhelm v. Beyersdorf, 100 Wn. App. 836, 848-50, 999 P.2d 54 (2000)).

"A mutual mistake occurs if the parties had the same intentions but their written agreement does not accurately express their intentions." Glepco, 175 Wn. App. at 561. "'A scrivener's error occurs when the intention of the parties is identical at the time of the transaction but the written agreement errs in expressing that intention.'" Glepco, 175 Wn. App. at 561 (quoting Reynolds v. Farmers Ins. Co., 90 Wn. App. 880, 885, 960 P.2d 432 (1998)). "A party seeking reformation must prove the facts supporting it by clear, cogent, and convincing evidence." Glepco, 175 Wn. App. at 560-61; Denaxas v. Sandstone Court of Bellevue, LLC., 148 Wn.2d at 654, 669, 63 P.3d 125 (2003). "The mere denial that a mistake was made will not defeat an action for reformation." Akers v. Sinclair, 37 Wn.2d 693, 704, 226 P.2d 225 (1950). "Nor is it necessary that the plaintiff's proof be uncontradicted." Akers, 37 Wn.2d at 704.

It is undisputed that the legal description of the property in the deed held by Deutsche Bank does not include a description of the slip of land adjacent to the property. It is also undisputed that Kermani considered this portion of the land to be included in the property boundaries. The question in this case is whether both parties intended to include the entirety of the subject property at the time the refinancing loan

-4-

agreement was entered, or if, as Kermani suggests, he intended to separate the slip of land from the rest of the property and leave it unencumbered by the refinancing loan.

Extrinsic evidence, as to the entire circumstances under which the contract was made, is admissible as an aid in ascertaining the parties' intent. Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). "[T]he courts will look into the surrounding circumstances, and will take into consideration all facts which throw light upon the intention of the parties." Akers, 37 Wn.2d at 704. This may include relevant evidence of "the situation and relations of the parties, the subject matter of the transaction, preliminary negotiations and statements made therein, usages of trade, and the course of dealing between the parties." Berg, 115 Wn.2d at 668 (quoting Restatement (Second) of Contracts §§ 212, 214(c) (1981). The court may also consider subsequent conduct of the contracting parties and the reasonableness of the parties' respective interpretations. Berg, 115 Wn.2d at 668.

Kermani's argument, that he intentionally excluded the land from the deed of trust, is unreasonable considering the history of this property. Nearly every past deed since the strip of land was included with the property mistakenly omitted the strip from the property description. This includes when Khoshdel quitclaimed the property back to Kermani. Yet, throughout his ownership, Kermani believed and acted as if that portion of property was included in his property boundaries.

In his deposition, Kermani admitted that he did not question when Khoshdel quitclaimed the property back to him without the additional slip of land, nor did he believe that land was separate property from what he owned. Kermani was asked if he recognized "Parcel C" as being a "part of the judgment property," and Kermani stated he

-5-

did not know, however, when asked if the "part where Parcel C is written" is part of his property, Kermani said, unequivocally, "yes." Kermani then went on to repeatedly insist that the entire parcel was his property, that there was no confusion as to what was included in his property, and that he did not know why the past deeds did not include the strip of land, why the deed he gave to Khoshdel did include the strip, or why the deed he presented to Plaza did not include the strip. Finally, throughout Kermani's deposition he repeatedly stated that he "did not care" about the property line, and had thought he had been deeding his entire property during the different purchases and sales of the land.

Kermani later submitted a declaration arguing that he had intended to keep the judgment property separate and unencumbered by the refinance, arguing that the seemingly conclusive evidence that he had intended to deed his entire property was the result of him being confused by the questions. This argument is readily rebutted by the following deposition exchange:

> Q [Deutsche Bank's counsel]: But you meant it to include, when you're entering into this loan agreement with Plaza Home Mortgage, you meant it to include the entire home and the property that went with it, right?
> MR. MALCOLM [Kermani's counsel]: Object to the form.
> A: I don't know. I can't answer that.
> Q: What -- what is it about that you don't understand or can't answer?
> A: Because it's so confusing.
> MR. MALCOLM: Object to the form.
> Q: What's confusing?
> A: Confusing is I -- I intended to put my house as a lien to that note. I presumed that everything in that house is mine, all the land or whatever.
> Q: Right. The boundaries that you already talked about earlier, correct?
> A: That's right.
> Q: The -- the rectangle that you drew the line around in blue ink, correct?
> A: That's right.

-6-

Q: Right. You understood that that was part of the whole property that you purchased with [Khoshdel] in 1998, correct?
A: I didn't have no question, yes.
Q: Yes.
A: Yeah.
Q: And it was also what you understood was part of the quitclaim deed that you gave to [Khoshdel] in 2000, right?
A. Yes.
Q: That's what you intended, right?
A: Yes.
Q: You were quitclaiming your interest entirely in the whole property to [Khoshdel], right?
A. Yes.
Q: And then when Sima quitclaimed the property back to you in 2004, she was quitclaiming the entire property back to you, correct?
    MR. MALCOLM: Object to the form.
A: Yes.
Q: And then when you did this loan with Plaza Bank in 2004, August of 2004, you meant that to include the house and all of the property, correct?
    MR. MALCOLM: Object to the form.
A: Yes.
Q: Okay. That's fine.

Although Kermani might have initially been confused by the questions, Deutsche Bank's counsel rephrased the questions repeatedly in order to alleviate any confusion throughout the exchange. By the time counsel asked Kermani the final, and dispositive question, Kermani fully understood the question being asked, and showed none of the hesitation in answering that he had demonstrated earlier. Kermani's self-serving declaration does not create a genuine issue of material fact contradicting his unambiguous deposition testimony. See McCormick v. Lake Washington School Dist., 99 Wn. App. 107, 111, 992 P.2d 107 (1999) ("Self-serving affidavits contradicting prior depositions cannot be used to create an issue of material fact.").

Considering the evidence in the light most favorable to Kermani, there was no genuine issue of material fact and reasonable minds could reach but one conclusion:

Kermani intended to grant a deed to his entire property, including the judgment property, when he refinanced his loan. Thus, the trial court did not abuse its discretion in reforming the deed to include the strip of land adjacent to the property.

We affirm.

_____Mann, J_____

WE CONCUR:

_____Trickey, ACJ_____          _____Spearman, J._____