IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| SCOTT SUNDEAN, | ) | |
| | ) | No. 40156-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF WILBUR, a municipality of | ) | UNPUBLISHED OPINION |
| Washington State, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, A.C.J. — Scott Sundean filed a complaint against the town of Wilbur alleging a violation of the Public Records Act (PRA), ch. 42.56 RCW. After certain claims were dismissed at summary judgment, the remaining claims were resolved at a bench trial, where the court found that Wilbur had violated the PRA in five instances. Sundean appeals and Wilbur cross-appeals.

Sundean raises three issues on appeal, arguing that the trial court erred by: (1) erroneously dismissing two of his claims upon concluding that the claims were not reiterated in Sundean's amended complaint, (2) finding that a request for "book records of council" was a request for a book that Wilbur did not maintain even though the records were maintained in another format, and (3) failing to properly calculate costs and attorney fees.

We conclude that Sundean's arguments fail. The trial court's conclusion that two of Sundean's claims were not included in his amended complaint is supported by the record and the law. In addition, the trial court's finding that Sundean specifically requested a book entitled "records of council," which did not exist, is supported by substantial evidence. Furthermore, Sundean failed to preserve any objection to the court's calculation of costs and attorney fees and we decline to address them on appeal.

Wilbur cross-appeals, raising several additional issues. First, Wilbur contends the court erred when it failed to grant its motions for summary judgment based on the PRA's one-year statute of limitations. Second, Wilbur claims the court erred and violated its due process rights by sua sponte finding certain PRA violations. Third, Wilbur asserts that two of the court's findings of a PRA violation are not supported by substantial evidence. All these arguments fail as well.

In balance, neither party improves their position on appeal and we decline to award either party attorney fees.

BACKGROUND

In 2019, Scott Sundean submitted a series of requests under the PRA, to the town of Wilbur. After receiving a response from Wilbur, Sundean filed a complaint on January 27, 2020, alleging Wilbur violated the PRA. The complaint failed to make specific allegations, claiming instead that throughout 2019, Sundean made multiple requests for many types of public records to Wilbur, many of which went unanswered.

2

He also asserted that some of the documents produced were dated after the document should have been in existence, providing one example from a request in January 2019 for Wilbur's 2016 budget. Wilbur answered and denied liability.

Eighteen months after filing his complaint, Sundean sought leave to file an amended complaint. His proposed complaint included a table identifying specific requests for public records, which Sundean asserted Wilbur either ignored or fulfilled late. The table is set forth below.

4.18 Mr. Sundean made several requests that went unfulfilled or required months to receive full responses. (identified below).

| Date of Request | Reminder Date | Record Request Made |
| --- | --- | --- |
| 1/13/2019 | 1/16/2019 | See the book "records of the council" |
| 1/16/2019 | | Any and all info in regards to any lawsuits between employees and the Town of Wilbur |
| 2/11/2019 | | 2015 thry 2018 Committee or committees' findings and reports and records and who was on any of these |
| 2/11/2019 | | 2015 thru 2018 salary review documents and or records used to set full time employee salaries |
| 2/13/2019 | | Ins deduct, court settlements, lawsuits |
| 2/13/2019 | | employee job descript, 2015-2018 committee, 2016 budgets |
| 2/17/2019 | | All emails and or documentation regarding compliance with RCW 42.30.080 all of section 1.1a, 1b, section 2, 2c, and section 3 for all special meeting in 2016, 2017, 2018 |
| 2/17/2019 | | Any and all agenda for special meetings 2016, 2017, 2018 |
| 2/17/2019 | | Any and all final actions taken in special meetings 2016, 2017, 2018 |
| 2/17/2019 | | Any and all hand-written notes and or minutes taken by clerk in special meetings 2016, 2017, 2018 |
| 2/20/2019 | 3/21/2020 | 2016 budget / only a partial response. Missing the last four pages as compared with other budgets. |
| 3/1/2019 | | 6/1/2012 thru 12/30/2012 Any and all material relating to salaries and peers based salary policy |
| 3/1/2019 | 3/21/2019 | Any and all records destroyed from 2015 thru 2019 the record of |
| 3/2/2019 | 7/15/2019 | Town attorney itemized monthly billing statements 2016 thru current |
| 3/5/2020 | | Job openings, job descriptions |
| 3/15/2020 | 7/15/2019 | Audio recordings of all public meetings 1/1/12 to 12/30/14. |
| 3/21/2019 | 7/15/2019 | Meta data 2016 budgets |
| 3/25/2019 | 7/15/2020 | Audio recording of all public meetings 1/1/19 to 3/21/19. |
| 4/17/2019 | 7/15/2020 | written legal services contract with town attorney |
| 7/15/2019 | | salary research meta data |

Clerk's Papers (CP) at 21. The proposed amended complaint stated that Sundean was alleging "a" violation of the PRA, and sought a daily penalty, costs, and attorney fees.

Wilbur objected to Sundean's motion to amend the complaint, arguing that Sundean was improperly expanding his claims, noting that the proposed amended complaint no longer referenced the January 2019 request for the budget, but included 20 new requests. The trial court granted Sundean's motion to amend his complaint, but the court specified that it was not making any findings on whether the allegations in the amended complaint related back to the original complaint or whether they were barred by the statute of limitations.

*Motions Practice*

Thereafter, both parties filed dispositive motions with the court. Wilbur filed a motion to dismiss for failure to state a claim and a motion for a more definite statement. Both parties filed motions for summary judgment.

At a hearing on the motions, in response to Wilbur's motion for a more definite statement, Sundean explained to the court that his amended complaint "listed out 21 specific instances [of PRA] violations." Rep. of Proc. (RP) (Dec. 10, 2021) at 38. Sundean felt this chart was sufficient because it "show[ed] them all laid out perfectly and separate and not confused and not convoluted." RP (Dec. 10, 2021) at 39. Additionally, he explained that all he did was "give them the exact violations, laid out one after another to eliminate confusion." RP (Dec. 10, 2021) at 39. After this discussion, the court clarified that the amended complaint stated one cause of cause of action for a PRA

violation with numerous examples of when and where the violations occurred, to which Sundean agreed and stated they would be like "counts." RP (Dec. 10, 2021) at 40.

With respect to his motion for summary judgment, Sundean suggested that his requests could be narrowed down to seven separate instances in which the records that Sundean requested were not produced. Counsel for Sundean confirmed to the court that Sundean was asking to resolve all his claims on summary judgment and his memorandum in support of the motion contained all of the public records requests that he alleged were violated.

After hearing arguments by both parties, the court ruled on the motions. The court noted that Sundean's motion for summary judgment narrowed his claims down to seven specific instances. The court denied summary judgment on five of the seven instances, noting that the claims raised issues of fact. With respect to two of the instances identified by Sundean's counsel, the court held that these claims were not included in the amended complaint.

The court then turned its attention to Wilbur's motion to dismiss based on the statute of limitations. Wilbur argued that regardless of when Sundean's requests had been made or fulfilled, Wilbur informed Sundean by letter on August 2, 2019, that his remaining public records requests had been fulfilled. Wilbur argued that the letter triggered the one-year statute of limitations for all Sundean's requests. Wilbur

maintained that the new claims raised by Sundean in his amended complaint did not relate back and were filed after the one-year limitations period had expired.

The court denied Wilbur's motion for summary judgment, stating that it believed the original complaint contemplated all the remaining PRA claims that were at issue and therefore there was no need to relate them back. In conclusion, the court noted that there would be a trial held on five of the claims identified by Sundean.

*Trial*

The case proceeded to trial. Sundean produced evidence that on January 13, 2019, he submitted the following request: "Hello, I would like to see the book 'records of council' RCW 35.27.230. Please let me know when they can be available. Thanks. Sincerely, Scott Sundean." Plaintiff's Ex. 1. The testimony regarding this request was largely provided by city clerk, Jeannie Olsen, as well as interim clerk, Diana Johnson, who eventually became deputy clerk.

Olsen testified that after she received this request, she searched for anything that had "Records of Council" on it, which included "Files, notebooks, [and] binders." RP (Dec. 8, 2022) at 152. While searching, she explained that she did not see a binder, notebook, or anything that had this title. However, she said that she still offered Sundean minutes and agendas because she thought this might be what he was looking for. Sundean informed Olsen that was not what he wanted because it was not "records of the council." RP (Dec. 8, 2022) at 154.

Diana Johnson also testified. Johnson began working for Wilbur in September 2019, roughly eight months after Sundean submitted his PRA request for the Records of Council." *See* RP (Dec. 8, 2022) at 40. Johnson testified there was a book that contained "minutes and agendas and documentation, things that were presented at council, in the book." RP (Dec. 8, 2022) at 23. However, when asked whether she had ever worked on the specific PRA request from Sundean, she testified that she did not recall.

*Final Judgment Hearing*

After trial, the court held a final judgment hearing. Ultimately, the court entered findings and conclusions on Sundean's five remaining claims of PRA violations.

The court found that Sundean failed to prove that Wilbur did not fulfill his first request, but also found that Wilbur's initial response violated the PRA. The court determined that on January 13, 2023, Sundean requested a very specific record described by the statute as "the 'book' entitled 'Records of Council.'" CP at 801. While Wilbur acknowledged the request within three days, it did not give an estimated time of response as required by the statute. The court found that the "book" Sundean requested did not exist. It also found that a reasonable search would have focused on looking for a book even though council records existed in a different format. The court found that while Wilbur could not be faulted for failing to produce a nonexistent book, the town had failed

to respond as required by the statute. The court exercised its discretion not to impose a penalty but awarded Sundean attorney fees for the claim.

With respect to Sundean's second request on February 11, 2019, for "2015 through 2018 salary committee" documents, the court found that Wilbur did not respond within five business days as required by statute, but did fulfill the request on February 20. The court imposed a penalty for four days (after the five-day response was due), together with attorney fees.

As to Sundean's third request on February 17, 2019, for various records, the court found that Wilbur again failed to properly respond within five days and disclosure was not made until March 5, 2019. The court concluded that "Wilbur should pay a daily penalty of $25 [per day] from February 22, 2019 (five days after the request) to December 13, 2019 (294 days) ($7,350)." CP at 802

The court found that Sundean made a fourth request for records on March 2, 2019, which was not acknowledged until April 15, and disclosure did not occur until August 2, 2019. The court imposed a penalty amounting to $3,700.

Finally, with respect to Sundean's request for records made on July 15, 2019, the court found that "Wilbur replied on August 12, 2019, estimating disclosure by September 9, 2019. There was evidence that the request was filled but no evidence of when. The determination of a daily penalty cannot be done without an end date. Attorney fees will be awarded." CP at 803.

At a subsequent hearing, the court denied Sundean's request for $119,766.25 in attorney fees and instead awarded $50,000 in fees. In support, the court made findings that the case was uncomplicated to try, requiring only one attorney, and much of the "[p]laintiff's attorney time was expended clarifying an argumentative complaint and resolving unnecessary motions relating to the complaint. Plaintiff made numerous claims, but after discovery dropped all but five. Plaintiff created discovery disputes which were unnecessary. This case could have reasonably been tried for $50,000." CP at 804.

Before the hearing, Sundean submitted his costs incurred during the pendency of the litigation. In his brief, he directed the court to the specific cost-shifting provision in the PRA statute that he thought entitled him to all of his costs. At the hearing, the court directed Sundean to submit a cost bill, which it stated was in the "Washington Practice Digest." The court explained that the specific statute listed what were costs and what were not. The court informed Sundean that it would give him the opportunity to find the statute and file a proper cost bill and if he did, it would include those costs in the judgment. As directed, Sundean submitted a new cost bill that totaled $561.00 instead of the original $2,479.62 that he submitted.

Sundean appeals and Wilbur cross-appeals.

9

SUNDEAN'S APPEAL

1.  CONCLUSION THAT CLAIMS WERE NOT INCLUDED IN AMENDED COMPLAINT

Sundean argues that the court committed reversible error by dismissing two of his claims relating to a February 11, 2019 request for a 2016 budget and an October 31, 2019, request for training records. Wilbur contends the court did not dismiss the claims, but instead found that they were not included in the amended complaint.

This court reviews an order of summary judgment de novo. *Wash. Fed. v. Harvey*, 182 Wn.2d 335, 339, 340 P.3d 846 (2015). In doing so, we "'perform[ ] the same inquiry as the trial court.'" *Id.* (quoting *Jones v. Allstate Ins. Co.*, 146 Wn.2d 291, 300, 45 P.3d 1068 (2002). Additionally, "[w]e examine the pleadings, affidavits, and depositions before the trial court and . . . 'assume facts [and reasonable inferences] most favorable to the nonmoving party.'" *Owen v. Burlington N. and Santa Fe R.R. Co.*, 153 Wn.2d 780, 787, 108 P.3d 1220 (2005) (alteration in original) (quoting *Raff v. County of King*, 125 Wn.2d 697, 703, 887 P.3d 886 (1995)). Summary judgment is appropriate where "there is no genuine issue[s] as to any material fact" and "the moving party is entitled to a judgment as a matter of law." CR 56(c).

With respect to claim No. 2, the amended complaint does not list a February 11, 2019 request for "budget and metadata." CP at 80. Instead, there were only two requests identified from February 11, 2019: (1) "2015 thr[u] 2018 Committee or committees' findings and reports and records and who was on any of these." and (2) "2015 thru 2018

10

salary review documents and or records used to set full time employee salaries," neither

of which relate to "budget and metadata." CP at 80. Likewise, for claim No. 7 there is

no request listed with an October 31, 2019, request date. *See* CP at 80. Rather, the most

recent request listed is from July 15, 2019, nearly three months before October, that was

for "salary research [metadata]." CP at 80.

Sundean's counsel emphasized that the chart was all-inclusive at a hearing on a

motion for summary judgment. Specifically, counsel referenced the causes of action in

response to a CR 12(b) motion for a more definite statement. Additionally, counsel noted

the chart was "efficient" because "it show[ed] them all laid out perfectly and separate and

not confused and not convoluted." RP (Dec. 10, 2021) at 39. Counsel explained that all

they did was "give them the exact violations, laid out one after another to eliminate

confusion." RP (Dec 10, 2021) at 39. After hearing this, the court clarified that the

amended complaint stated "one cause of action for a Public Disclosure Act violation with

numerous examples of when and where violations occurred," to which counsel responded

that each would be "counts." RP (Dec. 10, 2021) at 40. Because the two specified

requests did not exist in the amended complaint and counsel reiterated that the chart

showed each specific instance of a PRA violation, the court did not err when it

determined these two requests were not included in the amended complaint.

Sundean first contends that his original complaint contained facts alleging multiple PRA violations, including the 2016 budget request and that no record or pleading established that he voluntarily dismissed these claims. Br. of Appellant at 7, 16. However, "[w]hen an amended complaint omits a prior claim in the original complaint, it abandons that claim." *Neighbors v. King County*, 15 Wn. App. 2d 71, 84, 479 P.3d 724 (2020). The amended complaint omitted both claims and therefore Sundean abandoned them. As such, his argument fails.

Additionally, Sundean argues that the incorrect date for the 2016 budget request was a scrivener's error that is not fatal because "the question is whether Wilbur was notified of the claim." Reply Br. of Appellant at 11. To support this proposition, Sundean cites *Reynolds v. Farmers Ins. Co.*, 90 Wn. App. 880, 885, 960 P.2d 432 (1998). However, *Reynolds* pertaines to a "contract flawed due to a clerical error" and instead asserted "that a court in equity may reform a contract to correct a scrivener's error." 90 Wn. App. at 885. Here, we are discussing an alleged scrivener's error in an amended complaint rather than a court reforming a contract between parties. As such, *Reynolds* does not support Sundean's argument.

The trial court did not err when it dismissed two of Sundean's claims that did not exist in the amended complaint.

2.  BOOK RECORDS OF COUNCIL

Sundean contends the trial court erred when, following a trial, it found that he could not prevail on one of his claims because he specifically asked for a "book" when the records were in binders, notebooks, folders, and boxes. Wilbur asserts that the court's finding was supported by substantial evidence. We agree with Wilbur.

"The PRA requires agencies to produce 'identifiable public records.'" *Cantu v. Yakima School District No.* 7, 23 Wn. App. 2d 57, 81, 514 P.3d 661 (2022) (quoting RCW 42.56.080). "'While there is no official format for a valid . . . PDA [Public Disclosure Act]request, a party seeking documents must, at a minimum, provide notice that the request is made pursuant to the [PDA] and identify the documents with reasonable clarity to allow the agency to locate them.'" *Id.* at 81-82. This is because "[a]gencies are not required to read minds." *Id.* at 82. "Additionally, an agency has no duty to create or produce a record that [does not exist]." *West v. Dep't of Nat. Res.*, 163 Wn. App. 235, 242, 258 P.3d 78 (2011). This court review's the "trial court's findings of fact for substantial evidence in the record to support them." *Zink v. City of Mesa*, 162 Wn. App, 688, 706, 256 P.3d 384 (2011).

The specific request in question is dated January 13, 2019, and states: "Hello, I would like to see the book 'records of the council' RCW 35.27.230. Please let me know when they can be available. Thanks. Sincerely, Scott Sundean." Plaintiff's Ex. 1. The trial court found that the request was for a "very specific record described by the statute"

13

and that "[t]he book did not exist." CP at 801. There were "many council records [that] existed, but not in the particular format requested by [Sundean]." CP at 801.

Substantial evidence supports the trial court's finding. At trial, clerk Jeannie Olsen was questioned regarding this PRA request. She testified that she "searched anything that had 'Records of Council' on it," which included "Files, notebooks, [and] binders." RP (Dec. 8, 2022) at 152. While searching, she explained that she did not see a binder, notebook, or any record with this title. Despite this, she still offered Sundean minutes and agendas, thinking this might be what he was looking for. However, Sundean stated that was not what he wanted because it was not "records of the council." RP (Dec. 8, 2022) at 154.

Sundean attempts to diminish the court's finding by citing testimony from Diana Johnson, who was hired as the interim clerk for Wilbur but moved to deputy clerk soon after. Johnson testified that there was a book that contained "minutes and agendas and documentation, things that were presented at council, in the book." RP (Dec. 8, 2022) at 23. Sundean's reliance on Johnson's testimony fails for several reasons. First, Sundean essentially asks this court to find Johnson's testimony more compelling. However, this court does not "reweigh evidence or determine the credibility of witnesses." *In re*

14

*Dependency of A.M.F.*, 23 Wn. App. 2d 135, 141, 514 P.3d 755 (2022).[1]  Second,

Johnson was not employed by Wilbur until early September 2019, which was nearly eight

months after Sundean's PRA request.  Third, when questioned whether she had ever

worked on this specific PRA request, she testified that she did not recall.  As such,

Sundean's argument fails.

3.   AWARD OF COSTS AND ATTORNEY FEES

Sundean contends the trial court erred when it required him to submit a cost bill

pursuant to RCW 4.84.010 rather than "all costs" encompassed in the PRA, RCW

42.56.550(4).  Sundean also challenges the method used by the trial court to calculate the

attorney fees awarded to him.  Wilbur responds that the issues are not preserved under

RAP 2.5(a).

Under RAP 2.5(a), this court "may refuse to review [a] claim of error [that] was

not raised in the trial court."  Requiring error preservation through objections "serves the

goal of judicial economy by enabling trial courts to correct mistakes and thereby obviate

the needless expense of appellate review and further trials."  *State v. Lazcano*, 188 Wn.

App. 338, 356, 354 P.3d 233 (2015).

---

[1] In contrast, if the trial court's findings in a PRA case are based solely on written materials such as affidavits, memoranda of law, and other documentary evidence, we review the factual determinations de novo, standing in the same shoes as the trial court. *C.S.A. v. Bellevue School Dist*. No. 405, 32 Wn. App. 2d 544, 556, 557 P.3d 268 (2024).

Sundean failed to preserve these issues for appeal.  At the final judgment hearing Sundean submitted his costs incurred, totaling $2,479.62 to the court with a brief. Despite submitting all costs incurred, the court directed Sundean to "file a proper cost bill."  RP (Nov. 9, 2023) at 121.  Sundean's counsel did not object to this request.  The court even asked counsel at the conclusion of the hearing if he had anything further to which he responded "[n]othing further, Your Honor."  RP (Nov. 9, 2023) at 124. Sundean then submitted a request for $561.00 in costs pursuant to RCW 4.84.010.

Similarly, while Sundean submitted his requested attorney fees to the court, he did not object to the trial court's award of a flat fee on the record or request the court use the proper lodestar method to calculate fees.

The failure to object and call the court's attention to any perceived legal errors will generally waive review of the issues on appeal.  *See, e.g.*, *Mullor v. Renaissance Ridge Homeowners' Ass'n*, 22 Wn. App. 2d 905, 919, 516 P.3d 812 (2022) (noting that a fee issue was not preserved for review when the attorney "did not object to the fee award, did not challenge the amount awarded, and did not call any errors in computing the award to the trial court's attention").  Here, a timely objection would have apprised the trial court of any issues with respect to its calculation of costs and attorney fees, giving the court an opportunity to make corrections and avoid the need for appellate review.

Without citation to any authority, Sundean contends that this issue is preserved because error preservation differs at hearings than it does at trials because the court is

16

fully briefed on the issues and knows what each side wants. "[T]his court normally will not consider a legal assertion unsupported by authority." *King County Central Blood Bank v. United Biologic Corp.*, 1 Wn. App. 968, 970, 465 P.2d 690 (1970); *see also* RAP 10.3(a)(6).

Sundean also claims for the first time in his reply brief that "[a]rguably, this Court is reviewing the statutory interpretation between a cost bill and the PRA statute which would also be a de novo review." Reply Br. of Appellant at 19 n.3. However, Sundean did not claim this was an issue of statutory interpretation in his opening brief, instead, he claimed the court abused its discretion because it "misapplied the law and required a standardized cost bill." Br. of Appellant at 21. But, "[a]n issue raised for the first time in a reply brief is generally too late to warrant consideration." *State v. Orozco*, 144 Wn. App. 17, 21-22, 186 P.3d 1078 (2008). As such, Sundean's arguments fail.

### TOWN OF WILBUR CROSS-APPEAL

4. STATUTE OF LIMITATIONS

Wilbur claims that the trial court erred when it failed to grant its motion for summary judgment based on the PRA's one-year statute of limitations. Sundean contends there is no basis for this court to review a summary judgment decision from 2022 because it is too late to fix the error.

We hold that procedurally, Wilbur is not precluded from challenging the trial court's denial of its summary judgment motion on appeal, but substantively the trial court

did not err in denying Wilbur's motion after concluding that Sundean's original complaint encompassed the claims identified in his amended complaint.

## A. Procedural Arguments

Sundean contends that Wilbur is precluded from challenging the denial of summary judgment on appeal because the case was decided at trial. Alternatively, Sundean contends that Wilbur's appeal was filed late because the notice of cross-appeal was filed more than 30 days after the court denied summary judgment. We disagree with Sundean on these procedural arguments.

Summary judgment is considered proper when "there are no material facts in dispute and the trial court can resolve the issue presented as a matter of law." *Nw. Bus. Fin., LLC v. Able Contractor, Inc.*, 196 Wn. App. 569, 574, 383 P.3d 1074 (2016); *see also* CR 56(c). If the court denies summary judgment because material facts are in dispute, appellate review is typically focused on "sufficiency of the evidence presented at trial rather than the trial court's summary judgment ruling." *Id*. The rationale behind this approach is because it allows the appellate court to "review evidentiary sufficiency on the basis of the most complete factual record." *Id*.

However, "[a]n exception to this general approach exists for the situation where denial of summary judgment turned on a substantive legal issue rather than a factual dispute." *Id*. In such a situation, this court "may review the [summary judgment] ruling

18

despite [the] subsequent entry of a final judgment if the issue is solely one of substantive law." *Id*.

The exception applies to Wilbur's motion for summary judgment. The only issue raised by Wilbur on summary judgment was whether Sundean's claims in his amended complaint exceeded the one-year statute of limitations for PRA violations. The relevant facts were undisputed and the trial court denied the motion upon application of the law to the undisputed facts.

Sundean also argues that Wilbur's appeal is untimely and should be dismissed but does not cite any authority in support of this position. "[T]his court normally will not consider a legal assertion unsupported by authority." *United Biologic Corp*., 1 Wn. App. at 970; *see also* RAP 10.3(a)(6). Despite the inadequate argument, Sundean is still incorrect. Generally, a notice of appeal must be filed within 30 days of entry of the order or judgment the party wants reviewed. RAP 5.2(a). However, only "final judgments are appealable." RAP 2.2(a). "The denial of a summary judgment motion is not a final order that can be appealed." *In re Estate of Jones*, 170 Wn. App. 594, 605, 287 P.3d 610 (2012).

Here, Wilbur sought review of the order denying its motion for summary judgment, entered on July 15, 2022, along with the findings and conclusions of law accompanying the final judgment for Sundean, entered on December 4, 2023. Wilbur's

notice of appeal was filed on January 3, 2024, within 30 days of the final judgment. As such, the appeal is timely and the merits of Wilbur's argument will be addressed below.

### B.  *PRA Statute of Limitations and Relating Back Claims*

Wilbur argues that the trial court erred in denying its motion for summary judgment. In support of its position, Wilbur argues that when it notified Sundean on August 2, 2019, all of his records requests had been fulfilled, this had the effect of closing the PRA request and triggering the statute of limitations. Thus, Wilbur maintains that the causes of action included in Sundean's amended complaint filed two years later were barred by the one-year statute of limitations. Wilbur maintains that it was error for the court to reason that these claims related back to the original complaint because the original complaint only included one request that was from "January 2019" for a "2016 budget." We disagree and affirm the trial court's denial of summary judgment.

This court reviews "de novo a trial court's decision to grant summary judgment." *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013). "RCW 42.56.550(6) 'provides a one-year statute of limitations for PRA actions.'" *Belenski v. Jefferson County*, 186 Wn.2d 452, 457, 378 P.3d 176 (2016) (quoting *Rental Housing Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 535, 199 P.3d 393 (2009)). This provision states, "[a]ctions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial installment basis." RCW 42.56.550(6).

Under CR 15(c), when either the claim or defense asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." This rule is based on the premise that "once litigation involving particular conduct has been instituted, the parties are not entitled to statute of limitations protection against adding claims that arise out of the conduct alleged in the original pleading." *Watson v. Emard*, 165 Wn. App. 691, 698, 267 P.3d 1048 (2011). However, "CR 15(c) is [meant] to be liberally construed on the side of allowance of relation back of the amendment [after the statute of limitations has run, particularly] where the opposing party will be put to no disadvantage." *Lind v. Frick*, 15 Wn. App. 614, 617, 550 P.2d 709 (1976).

The trial court did not err when it denied Wilbur's motion for summary judgment because the PRA claims in Sundean's amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint. While the original complaint identifies one particular request, made in January 2019 for Wilbur's 2016 budget, the complaint also states that throughout 2019 "Sundean made *multiple requests* for public records to the Town of Wilbur" and that "[t]o date, *dozens of these requests* have gone unanswered." CP at 2 (emphasis added). Furthermore, the original complaint alleged that these requests were for "many types of public records" and that Wilbur failed to respond to "many" of Sundean's requests but chose not to "respond to other requests."

21

CP at 3.  While the exact dates of each request and description may not have been apparent from the original complaint, it is clear that Sundean alleged several instances of PRA violations that arose from the conduct, transaction or occurrences set forth in the original complaint.

5.    VIOLATION FOR FAILING TO PROPERLY ACKNOWLEDGE REQUEST

Wilbur contends the trial court erred and violated its due process rights by sua sponte finding PRA violations based on Wilbur's failure to acknowledge Sundean's records requests as required by the PRA.  Sundean responds that his complaint included that statutory requirement for acknowledgement as did his post-trial brief.  We conclude that the issue was sufficiently raised by Sundean and the trial court did not err.

Constitutional errors are issues of law, which this court reviews de novo.  *Dellen Wood Products, Inc. v. Dep't of Lab. and Indus.*, 179 Wn. App. 601, 626, 319 P.3d 847 (2014).  The due process clause of the Washington Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law."  WASH. CONST. art. I, § 3.  "[P]rocedural due process requires that an individual receive notice of the deprivation and an opportunity to be heard." *Dellen Wood Products, Inc*., 179 Wn. App. at 627.  This does not require actual notice, but instead, it requires "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Speelman v. Bellingham/Whatcom County Hous. Auth.*, 167 Wn. App. 624, 631, 273 P.3d

1035 (2012) (internal quotation marks omitted) (quoting *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006)).

As an initial matter, Wilbur attempts to frame this as a constitutional issue when the crux of its argument pertains to pleading standards. Washington follows "notice pleading, which requires only a 'short and plain statement of the claim' and a demand for relief." *Waples v. Yi*, 169 Wn.2d 152, 159, 234 P.3d 187 (2010) (quoting CR 8(a)). An action will not be dismissed simply for failing to "artfully state each element of a particular cause of action." *Grothe v. Kushnivich*, 24 Wn. App. 2d 755, 763, 521 P.3d 228 (2022). "Rather, notice pleading must 'adequately inform the defendant of the nature of the plaintiff's claims as well as the legal grounds upon which those claims rest.'" *Id.* (quoting *Reagan v. Newton*, 7 Wn. App. 2d 781, 801, 436 P.3d 411 (2019)).

Here, Sundean's amended complaint stated it was made pursuant to the "Public Records Act, RCW 42.56.001 et seq." CP at 77. He stated that throughout 2019, he made several requests and dozens had gone unanswered. Importantly, Sundean explained that Wilbur had received the requests and that "Wilbur did not (1) acknowledge many of the requests; (2) deny many of the requests; (3) estimate a time to release many of [the] documents; (4) list the requests in an exemption table; (5) determine that the requests were too burdensome; (5) [sic] determine that the documents had been destroyed because it had exceeded the maintenance schedule; or (6) attempt to offer assurances that many of the requests were being reviewed." CP at 77-78.

The complaint also noted the law, explaining that "an agency must respond to a request for public records within five business days of receipt of the request." CP at 78 (quoting RCW 42.56.520). And, "[u]nder case law, the failure to respond within the five business days is a violation of the PRA and entitles the requestor to seek an award of attorneys' fees and statutory penalties." CP at 78. In accordance with notice pleading standards, Sundean informed Wilbur of the nature of his claims and the legal grounds upon which the claims rest. As such, the court did not act sua sponte but instead acted based upon the claims presented in the complaint. Consequently, Wilbur's due process argument fails.

Wilbur contends that Sundean never alleged that "Wilbur violated the PRA by not 'respond[ing] to him in writing or otherwise within five days." Br. of Resp't/Cross-Appellant at 39 (alteration in original). This argument fails as well. As previously discussed, the amended complaint stated that Wilbur did not acknowledge many requests, estimate a time to release many of the documents, or attempt to offer assurances that many of his requests were being reviewed. This was followed by the language from RCW 42.56.520 that failure to respond within five business days is a violation of the PRA and entitles the requestor to seek an award of attorney fees. Although Sundean did not outright state Wilbur did not respond to him in writing or otherwise within five days, that is not required based on notice pleading principles. Instead, a short and plain statement was sufficient.

Wilbur focuses much of its argument on the evidence during trial, claiming that it narrowed Sundean's claims to whether or not he was denied records. This argument fails to acknowledge that the amended complaint provided Wilbur with sufficient notice based on pleading principles. Additionally, at the end of trial, the court instructed both parties to file a brief arguing whether they believed each of the five claims were acknowledged within five days and whether they thought the request was fulfilled. RP (Dec. 8, 2022) at 242-43. As such, Wilbur had sufficient notice and its due process rights were not violated.

6. CHALLENGE TO COURT'S FINDINGS WITH RESPECT TO TWO PRA VIOLATIONS

Wilbur contends the court erred because there is not substantial evidence that Wilbur violated the PRA regarding a February 17, 2018, request or a July 19, 2019, request. Sundean claims substantial evidence supports each finding. We agree with Sundean.

When a trial court has already weighed evidence, this court's "review is limited to determining whether the trial court's findings are supported by substantial evidence, and, if so, whether the findings in turn support the conclusions of law." *Prostov v. Dep't of Licensing*, 186 Wn. App. 795, 819, 349 P.3d 874 (2015). "'Substantial evidence is evidence that would persuade a fair-minded person of the truth of the statement asserted.'" *West*, 163 Wn. App. at 245 (internal quotation marks omitted) (quoting *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 814, 225 P.3d 280

25

(2009)).  In evaluating substantial evidence, this court considers only "whether the evidence most favorable to the prevailing party supports the challenged findings, even if the evidence is in conflict."  *Prostov*, 186 Wn. App. at 820.  An appellate court "must defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence "and thus will not reweigh and evaluate conflicting evidence.  *Id*.

Wilbur's cross-appeal centers on whether substantial evidence supports two of the trial court's findings.  Each will be evaluated in turn.

*A.  February 17, 2019 Request*

Sundean's complaint alleged that he submitted a records request on February 17, 2019, with the following language: "Regarding, RCW 42.30.080, please provide all emails and documentation regarding compliance with RCW 42.30.080 all of section 1, 1a, 1b, section 2, 2c, and all [of] section 3, for all special meetings called for in 2016, 2017, and 2018."  CP at 802.

The trial court found that records from this request were withheld and imposed a penalty.  Wilbur assigns error to the court's finding of fact No. 3:

> No written five-day acknowledgment was given.  If an oral acknowledgment was given, there is no evidence of an estimated disclosure date.  Disclosure was not made until March 5, 2019.  Wilbur should pay a daily penalty of $25 from February 22, 2019 (five days after the request) to December 13, 2019 (294 days) ($7,350).

CP at 802.

The finding is confusing and the record is not much clearer. Nevertheless, we can confirm that substantial evidence supports the trial court's finding.

In addition to the requests that Sundean outlined in his complaint, he testified at trial about other requests he made. Sundean testified that plaintiff's exhibit 25 was a records request he emailed to the mayor of Wilbur on February 17, 2019, that simply read: "RCW 42.30.080, please provide all emails and or documentation regarding compliance.docx." Ex. 25. This email was sent on the same day as the requests Sundean submitted to the town of Wilbur and referenced in Finding of Fact (3). Both requests describe documents prepared in compliance with RCW 42.30.080, which is the statute that sets forth required notices of special meetings. Sundean's complaint claimed a violation of the PRA for the request he submitted to the city, but not the similar request he emailed to the mayor.

At trial, Sundean testified that exhibit 28 was an email he received from Diana Johnson, the then-public records officer for Wilbur, providing more records in response to his request to the mayor. While Sundean could not remember how many records he received, or which records he received in December, he testified that he did receive additional documents regarding three or four special meeting postings.

While not a model of clarity, the trial court implicitly found that Sundean received additional documents on December 13 that were responsive not only to the February 17 request he made to the mayor, but also responsive to the similar records request he

27

submitted on the same day to the town of Wilbur, and these records should have been provided sooner. For this reason, the court's imposition of a penalty from February 22 to December 13 is supported by substantial evidence.

Wilbur contends that the court's finding demonstrates confusion between two separate requests: one that Sundean made on February 17 and another that he made in December. This argument is not supported by the record. Sundean testified that he received a responsive email in December, not that he made a separate request in December.

### i. *July 19, 2019, Request*

Regarding the February 19, 2019, request, Wilbur assigns error to the court's finding of fact No. 5, which reads:

> On July 15, 2019, Plaintiff requested by mail, the document "Salary Research Pdf" and its meta data [sic]. Wilbur replied on August 12, 2019, estimating disclosure by September 9, 2019. There was evidence that the request was filled but no evidence of when. The determination of a daily penalty cannot be done without an end date. Attorney fees will be awarded.

CP at 803.

Substantial evidence supports the trial court's finding. The trial court found that Sundean made the request for salary research and metadata on July 15, 2019, but that Wilbur did not acknowledge the request until August 12, 2019. The PRA requires an agency to acknowledge a records request within five business days. RCW 42.56.520.

28

Because it took Wilbur more than five days to acknowledge Sundean's request, there was sufficient evidence to support a PRA violation. As such, an award of attorney fees was proper in light of the court's finding that Wilbur violated the PRA on this occasion.

Wilbur contends the confusion here, and error, is between the record Sundean actually requested and the one he claims he wanted. In doing so, Wilbur focuses largely on the contention that Sundean's only claim in this case was that he was not provided a record and Sundean did not allege a violation for Wilbur's failure to respond according to the statute. This argument was disposed of above. Otherwise, Wilbur does not claim that it acknowledged Sundean's July 17 request in a timely manner.

Here, the finding of attorney fees was supported by the fact that Wilbur did not respond to Sundean within five business days. As such, substantial evidence supports the finding to award attorney fees.

7. ATTORNEY FEES ON APPEAL

Both parties request attorney fees if they are determined to be the prevailing party on appeal. Under RAP 18.1(a), we may award attorney fees to the prevailing party on appeal if applicable law grants a party the right to recover those fees and if the party requests them as prescribed by RAP 18.1. *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 493, 200 P.3d 683 (2009).

Here, we determine that neither party prevails and therefore we decline to award attorney fees to either party.

The trial court's judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Cooney, J.